(No. 13127.—Reversed and remanded.)

HERMAN BENDER *et al.* Appellants, *vs.* MARY BENDER *et al.* Appellees.

*Opinion filed April 21, 1920.*

1. WILLS—*when absolute devise is limited by subsequent provision for disposition of remainder—precatory words.* Where a testator by one sentence of his will gives all his real and personal property to his wife but in the next sentence provides that at her death the property shall be divided equally among their surviving children the wife takes a life estate and the children a contingent remainder, and the fact that in another sentence the wife is directed to make the division of the remainder by her will does not render the limitation precatory, as the method of division is not an essential part of the gift.

2. SAME—*words "will" and "bequeath" may be used synonymously.* The use of the word "bequeath" by the testator in referring to a disposition of property in a previous clause of his will, which reads, "I will and bequeath * * * all my real estate and personal property," does not operate to limit the word "will" to the real property and the word "bequeath" to the personal property, but these words may be used synonymously, each meaning to give by will.

3. SAME—*technical rules should not interfere with ascertaining testator's intention.* No technical rule of construction should be permitted to interfere with ascertaining the testator's real intention, as the sole object of inquiry is the discovery of that intention, for which every part of the will will be scrutinized.

4. SAME—*gift to survivors takes effect in favor of those, only, who survive, and is contingent.* A gift to survivors which is pre-

ceded by a particular estate, at the expiration of which the gift is to take effect in possession, will take effect in favor of those, only, who survive the particular estate, and is contingent.

5. SAME—*heirs are entitled to have will construed.* Where the · children of a testator are contingent remainder-men after a life estate given to the wife in all the real and personal property of the testator, the children, as heirs, are the owners of the reversion in fee, and in their capacity as heirs they have a right to have the will construed and the rights and interests of the parties determined by maintaining a suit against the life tenant for an accounting and for general relief.

APPEAL from the Circuit Court of Madison county; the Hon. GEORGE A. CROW, Judge, presiding.

D. E. KEEFE, and S. W. BAXTER, for appellants.

GEERS & GEERS, for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Herman Bender died on March 27, 1901, leaving his wife and their ten children surviving. By his will executed at Texarkana, Texas, two weeks before his death, he disposed of his property as follows: "I will and bequeath unto my beloved wife, Mary Bender, all my real estate and personal property of every kind and description that I may own at my death and direct that she shall be put in possession of the same immediately after my death. I direct further that my wife, Mary Bender, have exclusive control of all property herein bequeathed to her by me and at her death the same to be divided equally among our surviving children, share and share alike. This distribution to be made by will of my wife, appointing two of our surviving sons executors of her will to carry into effect her wishes." The estate consisted of personal property of the value of $15,000 and over 400 acres of land in Madison county, where the testator resided. Mrs. Bender was ap-

pointed administratrix with the will annexed, took charge and assumed the management and control of all the property. No appraisement was made and she never made any report of her acts as administratrix, but, assuming that she was the absolute owner of all the property, has managed, controlled and exercised authority over it as owner ever since her husband's death, and has sold, exchanged and disposed of all the chattel property. Soon after the testator's death a railroad company condemned a part of the land, and the condemnation money, amounting to $10,000, was paid to Mrs. Bender, who purchased a farm with it, taking the title in her own name. She also invested money arising from the estate in other real estate, taking the title in her own name. Three of the children filed a bill to the May term, 1919, of the circuit court of Madison county against their mother and the other children, averring the facts which have been stated and praying for an accounting by Mrs. Bender of all the personal property of the testator which has come into her possession and of the amount of money which she has used belonging to the estate, and for a decree, if any such money has been invested in real estate, establishing a lien upon such real estate for the amount found due from Mrs. Bender, and for general relief. The court sustained a demurrer to the bill, which was dismissed for want of equity, and the complainants appealed.

The questions arising on the record are: Does the will give Mrs. Bender a fee simple in the real estate and the absolute ownership of the personal property or only a life estate? If the latter, is the remainder to the children vested or contingent? Have the complainants such an interest as entitles them to maintain the bill?

The effective part of the will consists of the three sentences which have been quoted. The first, under the terms of section 13 of chapter 30 of the Revised Statutes, is clearly sufficient to invest the testator's wife with the absolute ownership of all his property in fee simple. That

section requires this sentence to be construed in connection with the next, which with equal clearness limits the estate to the wife for life with remainder in fee to the children of the testator and his wife. Counsel for the appellees concede that this construction might be given to the language thus far were it not for the effect of that which follows. What follows in no manner limits the estate given. It does not affect the interests created by the will but merely provides a method for making the distribution at the death of the life tenant, of ascertaining the equal shares to which each of the surviving children will then be entitled. The method is not an essential part of the gift. The testator might have selected some way of making a division other than to give the life tenant power to make the distribution by will. He might have named an executor and directed him to make the division or the power might have been given to some other person or some other method of making the division might have been directed. The gift is of the remainder in equal shares. The division is to be made in the manner provided in the will, if possible. If it is not possible, the estate may be partitioned in the usual way.

The appellees contend that the will, by the first sentence quoted, gave Mary Bender a fee simple estate in all the property, real and personal, and that the other two sentences merely express the testator's wish that she make a will leaving the personal property to such of the children as survive her, but that the words used are only precatory and do not create a trust in Mary Bender. No question of trust is involved in this case. The testator either limited the estate or his widow has the fee simple. The testator plainly directs in the second sentence, all the property mentioned in it to be divided among his surviving children at his wife's death. That much of the will is not precatory, and the remainder of the will merely confers a power on the life tenant to make the division.

It is argued that the property referred to in the second sentence is the property bequeathed to the wife, and that the word "bequeath" refers to personal property and will not be construed to include real estate unless the context requires it or it appears that the testator used the words "devise" and "bequeath" indiscriminately. It is said that in the first sentence, where the words used are "will and bequeath," "will" refers to the real estate and "bequeath" to the personal property. There is no reason for this statement. The word "will," as here used, is not a technical word distinguished from "bequeath" but it is evident that these words were used synonymously, each meaning to give by will.

It is further argued that the first clause of the will makes an unqualified gift of the personal property to Mary Bender and the court cannot look to the second sentence to determine whether the personal estate is limited, as might be done in the case of real estate. Counsel use the words "clause of the will." There are no separate and distinct articles or clauses in this will. The entire disposing part of it consists of the three sentences quoted, each of which counsel treat as a separate clause of the will. They may with equal propriety be treated as a single sentence. No technical rule of construction should be permitted to interfere with ascertaining the testator's real intention. The law does not limit the testator to a single sentence in expressing his intention in regard to the disposition of his estate or any part of it. Two rules of construction of wills are: that the sole object of inquiry is the intention of the testator, and that every part of the instrument will be scrutinized to discover that intention. Applying these rules, we have no difficulty in discovering the intention of the testator to give all his property, real and personal, to his wife for life with remainder to their children surviving her. A gift to survivors which is preceded by a particular estate, at the expiration of which the gift is to take effect in posses-

sion, will take effect in favor of those, only, who survive the particular estate. (*Ridgeway* v. *Underwood,* 67 Ill. 419; *Blatchford* v. *Newberry,* 99 id. 11; *Schuknecht* v. *Schultz,* 212 id. 43; *Burlet* v. *Burlet,* 246 id. 563.) The remainder is therefore contingent, since it cannot be known until the death of the life tenant who will survive her to take the estate.

The appellees contend that the appellants, being at the utmost contingent remainder-men having only the possibility of a future interest, have no such interest in the subject matter as entitles them to maintain the suit. We have held in *Ohio Oil Co.* v. *Daughetee,* 240 Ill. 361, that a contingent remainder-man may maintain a bill for the protection of the interest in remainder against the wrongful acts of a life tenant done without any semblance of right, which tend to despoil the inheritance, where the contingency is certain to happen and the acts threatened amount to a wanton and unconscientious abuse of right. In the present case, however, the appellants and the other children of the testator are not merely contingent remainder-men. They are the heirs of the testator and the owners of the reversion in fee simple which descended to them and will remain in them until the contingency happens to take it out of them, upon the happening of which the contingent remainder will vest. (*Peterson* v. *Jackson,* 196 Ill. 40; *Pinkney* v. *Weaver,* 216 id. 185; *Bond* v. *Moore,* 236 id. 576.) In their capacity as heirs they have the right to have the will construed and the rights and the interests of the parties determined.

The decree will be reversed and the cause remanded to the circuit court, with directions to overrule the demurrer to the bill. *Reversed and remanded, with directions.*