(No. 17476.—Reversed and remanded.)
Nora B. Sweet *et al.* Appellants, *vs.* Fannie Arnold *et al.* Appellees.

*Opinion filed October 28, 1926.*

1. Wills—*testator's intention cannot always be given effect.* While the primary consideration in construing a will is to ascertain the testator's intention from the language he has used, it does not necessarily follow that effect will be given to such intention when ascertained, as the rules of law and of property must be applied to the language used by the testator.

2. Same—*fee given in first instance cannot be cut down to a lesser estate except by clear and unambiguous language.* Where a testator has used language sufficient to create in a devisee an estate in fee simple absolute, such estate must pass in the absence of the expression of a clear intention to cut down the fee to a lesser estate, and any subsequent language must be clear and unmistakable to cut down such estate.

3. Same—*what language is not sufficient to cut down fee given in first instance.* Where a testator gives his wife all his estate, "of whatever kind or nature," she takes an indefeasible estate in fee simple, and the subsequent expression that "if at her decease there be any unexpended remainder" it shall be divided among nieces and nephews surviving at her death is not sufficient to cut down the estate given the wife in the first instance, as such effect

would be inconsistent with the evident intention of enabling the wife to alienate the entire ownership without condition.

4. SAME—*subsequent limitation after giving absolute power of disposal is void.* Where the language of a will is sufficient to give a devisee an estate in fee with absolute power of disposal, a subsequent limitation over is void as a remainder because of the preceding fee, since a remainder implies something left and there can be nothing after the devise in fee simple; and the limitation is also void as an executory devise because it is inconsistent with the absolute estate or power of disposition.

DUNCAN, J., dissenting.

APPEAL from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding.

SIMS, WELCH, GODMAN & STRANSKY, CAIRO A. TRIMBLE, and PERRY D. TRIMBLE, for appellants.

FRANK J. THOMAS, L. A. ZEARING, and J. L. SPAULDING, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

August 25, 1896, James B. Stewart, aged seventy-eight, a resident of Buda, in Bureau county, died testate, leaving him surviving his wife, Hannah J. Stewart, and certain nephews and nieces, who are appellees. He left no child or descendants of deceased children. His will was admitted to probate September 22, 1896, and is as follows:

"*In the name of God, amen.* I, James B. Stewart, of the village of Buda, in the county of Bureau and State of Illinois, at the age of seventy-seven years and being of sound and disposing mind and memory, calling to mind the frailty and uncertainty of human life and being desirous (*a*) of settling my wordly affairs and (*b*) directing how the estate with which it has pleased God to bless me shall be disposed of after my decease, while I have strength and capacity so to do, make and publish this my last will and testament, and commending my immortal being to him who gave it and my body to the earth to be buried by my friends. My estate I dispose of as follows, that is to say:

"*First*—It is my will and I direct that my funeral expenses be paid and also all my just debts if any there be at my decease to

be paid by the executor hereof, hereinafter named, as soon as practicable after my decease, out of such of my estate as shall be the most readily available for that purpose.

"*Second*—After the payment of my funeral expenses and just debts, all the other and residue of my estate, of whatever kind or nature or wherever situated, I give and devise and bequeath to my beloved wife, Hannah J. Stewart, and if at her decease there be any unexpended remainder of my said estate, the one-fourth of such remainder to be at her disposal by her last will and testament or otherwise, as she may see fit, and the other three-fourths of such remainder to go equally to my nephews and nieces, or such of them as may be surviving at her decease.

"*Third*—On the monument I have had erected in Hopeland cemetery, in the town of Concord, in Bureau county, Illinois, inscribed appropriately for the present time, it is my wish and I direct that upon my decease and the decease of my said wife and my sisters, Lydia C. and Fanny C. Stewart, myself and they being the persons for whom said monument is intended, the executor hereof cause to have appropriately inscribed thereon the day of my decease, and the legal representative, if any there be, or if not, then any relative or friend of my said wife and sisters, cause to have appropriately inscribed on said monument the date of their deaths, respectively.

"*Fourth*—I do hereby nominate and appoint Albert D. Boal, of Buda, Illinois, executor of this my last will and testament, and desiring that my estate may be settled and go as I have willed it should, with as little trouble and expense as possible, I do hereby authorize and empower him to settle the same accordingly, and to that end do hereby waive an appraisement and inventory of my estate being filed in any court, and also hereby waive all other proceedings in court in the settlement of my estate, other than such as may become absolutely or indispensably necessary to the fair and just settlement thereof."

At the time of his death Stewart was possessed of both real and personal property. His wife took possession of this property, sold some of it and used and controlled all of it as her own until her death, testate, September 27, 1924. No inventory was ever filed in the estate of Stewart. His wife's will was admitted to probate, and appellants Nora B. Sweet and Edmund J. Swope were appointed executors thereof. After her death William E. Studley was appointed administrator *de bonis non* with the will annexed

of the estate of Stewart, and he filed a claim against the estate of Mrs. Stewart to recover the purchase price of certain real estate originally belonging to the estate of Stewart but which after his death was sold by Mrs. Stewart, and for the principal of certain notes which it was claimed belonged to his estate, and also for an amount representing the increase in the value of the combined estates of James B. and Hannah J. Stewart.

The bill in this cause filed by appellants prayed that the will of James B. Stewart be construed, and set forth that in order that the estate of Hannah J. Stewart be properly administered and settled it is necessary that the court should also pass upon and adjudicate the legal questions involved with reference to the claim filed against the estate of Mrs. Stewart, for the reason that its disposition depended entirely on the construction to be given to the last will and testament of James B. Stewart, and particularly to the nature of the interest and estate which Mrs. Stewart took under it. The circuit court did not pass upon the rights of the parties in said cause with reference to the claim, and entered a decree construing the last will and testament of James B. Stewart so as to give it the effect of vesting in Hannah J. Stewart an estate for the term of her natural life, with the right to use and dispose of so much thereof as she should desire for her maintenance and support during her life, and that if at her death there should be any unexpended remainder of said estate, the one-fourth of such remainder should be at her disposal by her last will and testament or otherwise, as she might see fit, and the other three-fourths of such remainder should go equally to the nieces and nephews of James B. Stewart that should be surviving at the time of the death of Hannah J. Stewart.

It is the contention of appellants that by a proper construction of the second clause of the will of James B. Stewart in connection with the other clauses of the will, he vested in Hannah J. Stewart, his wife, at the time of his death,

an absolute fee simple title to all his estate, real and personal. The appellees contend that by a proper construction of the second clause of the will in connection with the other clauses thereof, James B. Stewart gave and bequeathed a life estate in the property he owned at the time of his death, real and personal, to his wife, with the right to use and dispose of so much thereof as she should desire for her maintenance and support during her lifetime, and that if at her death there should be any unexpended remainder of said estate, the one-fourth of such remainder to be at her disposal by her last will and testament or otherwise, as she might see fit; and the other three-fourths of such remainder should go equally to the nieces and nephews of James B. Stewart that should be surviving at the time of the death of Hannah J. Stewart.

In construing a will the first object to be attained is to ascertain, if possible, the intention of the testator manifested by the language he has used therein, and, having ascertained such intention, apply thereto the rules of law and of property to determine whether or not effect can be given to such intention. It does not necessarily follow that effect will be given thereto. The books are full of cases where the courts have refused to do so because by the language used the testator sought to violate some rule of law or property. Where a testator in devising property uses language sufficient to create an estate in fee simple absolute in land, in the absence of the expression of a clear intention to cut down the fee to a lesser estate an estate in fee simple absolute will pass to the devisee. Where, in a will, language is used which, standing alone, is sufficient to create an estate of inheritance in the first taker, any subsequent language, in order to cut down such estate, must be clear and unmistakable. *Wiltfang* v. *Dirksen*, 295 Ill. 362; *Hempstead* v. *Hempstead*, 285 id. 448.

There have been apparently inconsistent decisions of this court as to whether a fee simple absolute or a life es-

tate is created in the first taker where an estate is devised to the first taker with power of sale or disposition and a devise to another of any portion of the devise remaining unexpended at the death of the first taker. A careful analysis of each case will disclose that there is no real inconsistency. In each case where the estate was held to create a life estate in the first taker it is to be noted that the devise is coupled with an express power of sale, or some other clear expression of intention that an estate in fee simple absolute should not be created. There is in the present will no express power of sale or disposition given to Mrs. Stewart other than the power given her by the devise itself. The words, "and if at her decease there be any unexpended remainder," cannot be construed as giving her such power of sale or disposition. (*Orr* v. *Yates,* 209 Ill. 222; *Williams* v. *Elliott,* 246 id. 548.) By his will Stewart devised to his wife a fee, using language sufficient to give her an indefeasible estate in fee simple. The will clearly shows by its language that the testator's intention was that in disposing of the property she should not be limited to the alienation of a fee defeasible on condition, but that she might convey the entire ownership of the property. Mrs. Stewart had an estate which she could convey in fee simple so as to destroy any attempted limitation over, and such attempted limitation was therefore void. If there is an absolute power of disposition in the first devisee the limitation over is void as a remainder because of the preceding fee, since a remainder implies something left, and there can be nothing left after a devise in fee simple. It is also void as an executory devise because the limitation is inconsistent with the absolute estate or power of disposition. *Williams* v. *Elliott, supra; Wilson* v. *Wilson,* 268 Ill. 270; *Ashby* v. *McKinlock,* 271 id. 254; *Wolfer* v. *Hemmer,* 144 id. 554; *Lambe* v. *Drayton,* 182 id. 110; *Wilson* v. *Turner,* 164 id. 398; *Harder* v. *Matthews,* 309 id. 548; *Melies* v. *Beatty,* 313 id. 418.

Mrs. Stewart having been given an indefeasible estate in fee simple by her husband's will and the attempted limitation over to appellees having been void, the decree of the circuit court is reversed and the cause remanded, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*

Mr. JUSTICE DUNCAN, dissenting.