NORA B. SWEET *et al.* Defendants in Error, *vs.* MYRTLE
A. GARBER *et al.* Plaintiffs in Error.

*Opinion filed October 22, 1927.*

WILLS—*when widow takes fee simple notwithstanding devise
over.* Where a testator gives his wife all of his estate without
limitation and with absolute power of disposal, a subsequent de-
vise over of what may remain undisposed of at her death is void
and the wife must be held to have been given an indefeasible es-
tate in fee simple. (*Sweet* v. *Arnold,* 322 Ill. 597, followed.)

WRIT OF ERROR to the Circuit Court of Bureau county;
the Hon. JOE A. DAVIS, Judge, presiding.

SIMS, WELCH, GODMAN & STRANSKY, and CAIRO A.
TRIMBLE, (FRANKLIN J. STRANSKY, of counsel,) for plain-
tiffs in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a writ of error prosecuted by certain heirs-at-law
who are also legatees under the will of Hannah J. Stewart,
deceased, the widow of James B. Stewart, to review a de-
cree of the circuit court of Bureau county in a partition
suit involving property which was a part of the estate of
Stewart.

James B. Stewart, of Bureau county, Illinois, died tes-
tate during August, 1896, leaving him surviving his widow,
Hannah J. Stewart, and a number of children and descend-
ants of his deceased brothers and sisters. His will was
probated in Bureau county in September, 1896. He
owned both real and personal property, all of which the
widow took possession of, sold a part of, and used, man-
aged and controlled the same as her own until she died
testate in April, 1924. Her will disposing of all her estate
was admitted to probate in May, 1924, and Nora B. Sweet

and Edmund J. Swope, two of the defendants in error in this cause, were named and appointed executors thereof. During July, 1924, the bill in this case was filed to partition the real property belonging to Stewart's estate, to divide certain moneys received as rentals therefrom among his nieces and nephews who were living at his widow's death, and the executors of his deceased widow's estate as the representatives of her legatees and devisees, and to remove certain clouds from the title to said real estate. A decree was entered by the chancellor during October, 1924, and the effect thereof was that the will of Stewart gave his widow, Hannah, a life estate in all his property, with the right to use and dispose of such quantity thereof as she should desire for her maintenance and support, and at her death, if any of the estate remained unexpended, the one-fourth part thereof should be at the widow's disposal by will or otherwise, and the other three-fourths part should go equally to Stewart's nephews and nieces who survived his widow. The decree found that by the death of James B. and Hannah J. Stewart, both testate, an undivided three-fourths of the property involved herein became vested equally in his nieces and nephews surviving his widow, as provided in his will, and the other undivided one-fourth of the property by virtue of Mrs. Stewart's will became vested in her executors named, for the conversion of the property into cash and the distribution thereof among her legatees. After the entry of this decree a bill was filed in the circuit court of Bureau county by the executors named in Mrs. Stewart's will and her legatees, to construe the will of her deceased husband. The latter cause was heard by the same chancellor who heard the present partition suit, and a like conclusion was reached in that case as to the construction of the will of Stewart. An appeal from the decree of the circuit court in the will construction case was prosecuted to this court, where the decree was reversed and the cause remanded, with directions.

327—19

(*Sweet* v. *Arnold*, 322 Ill. 597.) In that case this court decided that Stewart by his will devised to his wife, Hannah, an indefeasible estate in fee simple in all his property, and the attempted limitation over to his nieces and nephews was void.

Counsel for plaintiffs in error say in their brief that all the nephews and nieces of James B. Stewart and all the legatees and devisees named in Mrs. Stewart's will who are parties to this cause, were parties in the case of *Sweet* v. *Arnold, supra.* No brief has been filed in this cause by defendants in error.

The previous suit to construe the will and the partition suit here under consideration involve the construction of James B. Stewart's will, which, as stated, has previously been considered by this court. Hannah J. Stewart, the widow of James, having received a fee simple title to all of her husband's property under the provisions of his will was the absolute owner thereof and privileged to dispose of it in any manner she saw fit, and this she did under the provisions of her will. The nephews and nieces of Stewart took nothing under his will, and therefore have no right, title or interest in the real estate, or rentals thereof, herein involved. The entire title, right and interest to the property is legally vested in the executors named in Mrs. Stewart's will for the purpose of sale and the distribution of the proceeds as provided by said will.

The decree of the circuit court is therefore reversed and the cause remanded, with instructions to enter a decree dismissing the bill.

*Reversed and remanded, with directions.*