(No. 25202.—

GEORGE W. KEISER, Appellee, *vs.* MABEL E. KEISER JENSEN, Appellant.

*Opinion filed February 13, 1940.*

SHAW, J., specially concurring.

BUNGE & BUNGE, (GEORGE H. BUNGE, of counsel,) for appellant.

C. A. CARLSON, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Frank Keiser died testate in DuPage county in 1926. The second and third paragraphs of his last will provide:

"*Second.* After the payment of such funeral expenses and debts, I give, devise and bequeath to my wife Anna B. Keiser all of my property both real personal and mixed of what nature and kind soever and wheresoever the same shall be at the time of my death.

"*Third.* If at the decease of my wife, Anna B. Keiser, there should be any real estate or personal property left it is my request that it be divided between my two children, George W. Keiser and Mabel E. Keiser Jensen, to share and share alike."

At the time of his death decedent was seized of two contiguous lots in the village of Downers Grove improved with a dwelling occupied by him and his wife as a homestead. The widow died testate in 1935. By her last will the real estate mentioned was devised to Mabel E. Keiser Jensen. George W. Keiser filed a suit in the circuit court of DuPage county for partition of the premises, alleging that by his father's will the widow became seized of a life estate, and the two children with a vested remainer. A decree was entered finding the issues for the complainant and decreeing partition, from which the defendant has appealed.

Appellant contends the second paragraph of the will gave the widow an indefeasible estate in fee simple with absolute power of disposition by will or otherwise; that the third clause amounts, in law, merely to an expression of desire or hope on the part of the testator, and did not create a remainder or executory devise, and that the word "request," therein, is merely a precatory word which did not limit or curtail the fee simple estate.

The issues require a construction of the two paragraphs mentioned. The purpose of construing a will is to ascertain, and, if possible, to give effect to the intention of the testator. In interpreting a particular provision of a will the law authorizes and requires a consideration of the whole will, and the testator's intention will be arrived at from a consideration of all the language he has used, in whatever

part of the will the language is found. (*Bender* v. *Bender,* 292 Ill. 358; *Meins* v. *Meins,* 288 id. 463.) Where, in a will, language is used which, standing alone, is sufficient to create an estate of inheritance in the first taker, any subsequent language, in order to cut down such estate, must be clear and unmistakable. (*Sweet* v. *Arnold,* 322 Ill. 597; *Hempstead* v. *Hempstead,* 285 id. 448.) If it appears from the entire language of the instrument that it was the intention to impose a limitation upon the estate, that intention will be given effect. *Gahan* v. *Golden,* 330 Ill. 624; *Tripp* v. *Krauth,* 340 id. 11; *Knight* v. *Gregory,* 333 id. 643.

The test whether words used in a devise are dispositive or merely precatory is: Does the testator mean by such words to control the disposition of the property? If so, it is his will no matter how mildly the wish is expressed; but if he simply indicates by such words what he regards as a wise disposition, leaving it to the discretion of the person taking the legal title to the property to dispose thereof, then it is not his will. (*Hempstead* v. *Hempstead, supra.*) This is in accord with the rule laid down in Page on Wills, sec. 59; 2 Story's Eq. Jur. (11th ed.) sec. 1068a; 2 Redfield on Wills, (3d ed.) p. 446.

In determining what the testator meant by the word "request," account should be taken of the relative situation of the parties, the ties of affection subsisting between them, and the motives which would naturally influence the mind of the testator, as well as the existence of a moral duty on his part toward the party who will benefit from compliance with his desires and recommendations. (*Morrison* v. *Tyler,* 266 Ill. 308; *Abrahams* v. *Sanders,* 274 id. 452.) The fact that, in the event a trust is declared, the person who will be benefited is a natural object of the testator's bounty, is entitled to strong consideration in determining whether the word "request" or "desire" in a will imports a command. (*Cumming* v. *Pendleton,* 112 Conn. 569, 153 Atl. 175; *Merrill* v. *Pardun,* 125 Neb. 701, 251 N. W. 834.) A

construction which conforms, as far as possible, to the Statute of Descent is to be preferred. (*Dahmer* v. *Wensler,* 350 Ill. 23; *Smith* v. *Garber,* 286 id. 67.) Under these principles, it was held in the Connecticut case, *supra,* that the word "desire," and in the Nebraska case, *supra,* that the word "request," in a subsequent clause after a preceding absolute devise, were intended to be words of command.

Another circumstance frequently held to indicate that precatory expressions were intended to be mandatory is that the person to whom they were addressed is the spouse of the testator, to whom it is not to be expected that commands would be expressed in such forcible language as between strangers. *Warner* v. *Bates,* 98 Mass. 274; *Murphy* v. *Carlin,* 113 Mo. 112, 20 S. W. 786; *Knox* v. *Knox,* 59 Wis. 172, 18 N. W. 155; *Swarthout* v. *Swarthout,* 111 id. 102, 86 N. W. 558; *Williams* v. *Williams,* 253 Ky. 30, 68 S. W. (2d) 395; *Merrill* v. *Pardun, supra; Colton* v. *Colton,* 127 U. S. 300, 32 L. ed. 138.

According to its context and manifest use, an expression of desire or wish will often be equivalent to a positive direction, where it is the evident purpose and meaning of the testator. (*Colton* v. *Colton, supra.*) In line with this doctrine we held in *Kirkpatrick* v. *Kirkpatrick,* 197 Ill. 144, that the word "request," employed in a gift of personal property, and in a gift over of real estate after a life estate with power of disposal, was expressive of the testator's will. From the language of the entire will in this case and the circumstances of the parties, we think it is clear that the testator intended the word "request" as a positive direction.

*Coulson* v. *Alpaugh,* 163 Ill. 298, and *Dalrymple* v. *Leach,* 192 id. 51, are cited by appellant for the proposition that the word "request" is a word of entreaty and is not used in an imperative sense. An examination of those cases shows the basis of the holdings was that the gift over, by use of precatory words, failed because the subject mat-

ter of the attempted trust was too indefinite. No such contention has been made here.

The remaining question is whether such a gift over is valid when preceded by a devise, which, standing alone, would give the first taker an estate in fee simple. Appellant relies largely upon *Sweet* v. *Arnold, supra*. In that case, the provisions of the will in controversy were: "After the payment of my funeral expenses and just debts, all the other and residue of my estate, \* \* \* I give and devise and bequeath to my beloved wife, Hannah J. Stewart, and if at her decease there be any unexpended remainder of my said estate," one-fourth to be at her disposal, by will or otherwise, and the other three-fourths to go to the testator's nephews and nieces or their survivors. In holding the gift over was void, the opinion says that in cases where it was held the first taker had a life estate it is to be noted the devise was coupled with an express power of sale or some other clear expression of intention that an estate in fee simple absolute should not be created. It mentions the fact that there was no express power of sale or disposition given Mrs. Stewart other than the power given her by the devise itself, and holds that the words "If at her decease there be any unexpended remainder" cannot be construed as giving her such power. The opinion concludes by holding the devise was of an indefeasible estate in fee simple with an absolute power of disposal and that, therefore, the limitation over was void either as a remainder or as an executory devise. While it is true the words quoted cannot be construed as conferring a power of sale, they are senseless and without meaning unless the testator intended the widow might, prior to her death, dispose of the property, and they imply the testator intended to give her such a power. (*In re Estate of Cashman,* 134 Ill. 88.) The opinion in the *Sweet case, supra,* attributes the power of sale solely to the unlimited character of the gift, excluding the intent of the testator

to confer such a power manifested by the provision as to any unexpended remainder. The opinion recognizes that where a testator uses language sufficient to create an estate in fee simple absolute, it may be cut down by subsequent language which is clear and unmistakable, but it goes on to hold that the power of disposition was not limited to conveying a fee defeasible on condition, and that the wife had an estate which she could convey in fee simple so as to destroy any attempted limitation over, without discussing whether the language of the gift over showed a clear and unmistakable intent to cut it down. In this the court adopted a wrong basis for its decision. In some of the cases cited, a power of disposition by will was expressly given the first taker. Others were based on the fact that words necessary to create an estate of inheritance at common law were used. Another related to a grant by deed, and in another the question was whether the gift was an absolute or a determinable fee. In our judgment they did not form a sufficient basis for the conclusion in the opinion.

Professor Simes, in his work on Future Interests, volume 2, section 599, in discussing cases where the gift to the first taker is indefinite, says: "In *Jackson ex-dem-Livingston* v. *Robbins,* 16 Johns, 537 (N. Y. 1819) Chancellor Kent observes that 'we may lay it down as an incontrovertible rule, that where an estate is given to a person generally, or indefinitely, with a power of disposition, it carries a fee.' This doctrine has been the lode star for numerous subsequent opinions, where it would be much more rational to say that effect could have been given to all the language of the instrument including the gift over by treating the indefinite gift as a life estate. There is, however, quite a tendency in more recent years to escape from the hardship of Chancellor Kent's *dictum,* and in Missouri and Nebraska and perhaps other jurisdictions this has been done." *Krause* v. *Krause,* 113 Neb. 22, *Merrill* v. *Pardun, supra, In re Dare's Estate,* 114 Neb. 116, *Walton* v. *Drumta,* 152 Mo. 489, *Wintuska* v. *Peart,* 237 Ky. 666, *City of Little Rock* v.

*Lenon,* 186 Ark. 460, and cases from other States are cited. The Kentucky case recognizes the fact that many courts have adopted the ancient rule, but that courts generally, including the Kentucky court, have long since come to the conclusion that requiring the intention of a testator or grantor, gathered from the entire instrument, to prevail, if not in violation of some positive rule of law or public policy, overshadows and dispenses with the ancient, technical common law rule. This is in harmony with many holdings of this court. What is said to the contrary in *Sweet* v. *Arnold, supra,* is overruled, so far as it applies to this case.

*Jensen* v. *McMahon,* 324 Ill. 574, *Boys* v. *Boys,* 328 id. 47, and *Zierau* v. *Zierau,* 347 id. 82, cited by appellant, are distinguishable on the facts, and have no application here. *Tripp* v. *Krauth, supra,* also cited by appellant, involved the construction of an express trust created by will, where the first clause, standing alone, would have given the beneficiary an absolute estate. A subsequent clause gave her a life estate. We held that a consideration of the various provisions of the will showed the testator intended to give her only a life estate. In *Ashby* v. *McKinlock,* 271 Ill. 254, an executory devise over after a gift unlimited in its terms to the first taker, was upheld. These cases do not tend to support appellant's contention.

The decree finds that the property is free from incumbrance except certain unpaid general taxes and that the widow continued to reside on it until her death. The fact, found by the decree, that Mabel E. Keiser Jensen and her family lived with her mother for some years prior to her death and still reside there can have no possible bearing on the question of the testator's intention. Statements by counsel for appellant of alleged facts outside the record can, of course, receive no consideration.

We have repeatedly held that the court should, if posble, harmonize apparently inconsistent or repugnant clauses or provisions of the will so as to give effect to each in

accordance with the testator's general intention in the light of the circumstances surrounding its execution. (*Field* v. *Field*, 297 Ill. 379; *Heitzig* v. *Goetten*, 347 id. 619.) Our conclusion is that the testator intended his wife to have a life estate with power of disposal during her lifetime, but not by will, and if any of the estate remained undisposed of at her death, it was to go to the two children in equal shares. Such an intention violates no rule of law and is not against public policy.

The decree of the circuit court is affirmed.

*Decree affirmed.*

Mr. JUSTICE SHAW, specially concurring: I agree with the result reached in this opinion but not with the reasoning by which such result is reached.