(No. 27249.—

IN THE MATTER OF THE ESTATE OF ALLEN L. FAHNE-STOCK, Deceased.—(THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JENNIE M. FAHNESTOCK, Appellant.)

*Opinion filed September 24, 1943.*

W. S. Jewell, and Glen Ratcliff, for appellant.

George F. Barrett, Attorney General, (Bart E. Schmitt, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant seeks reversal of an order of the county court of Fulton county, fixing and assessing an inheritance or transfer tax in the estate of Allen L. Fahnestock, deceased. The estate consisted of personal property only and it is agreed that the net estate, from which the transfer tax is to be computed, amounts to $39,002.52.

Allen L. Fahnestock died leaving appellant, Jennie M. Fahnestock, his widow, and his sister Ida C. Lane, as his sole and only heirs-at-law. They never had children. Ida C. Lane, at the death of the testator, had three children, Frank Lane, Howard Lane and Jennie Lane Ingram. By the second clause of his will he bequeathed to his sister, Ida C. Lane, $500.

The third and fourth clauses form the basis of dispute here and are as follows: "Third—All the rest residue and remainder of my estate, both real and personal and wheresoever situated, I give devise and bequeathe unto my wife, Jennie M. Fahnestock of Cuba, Illinois, to have and to hold as her own and do with as she sees fit.

"Fourth—Upon the death of said Jennie M. Fahnestock I will devise and bequeath the residue of my estate or any portion thereof remaining unexpended by the said Jennie M. Fahnestock unto my legal heirs."

Appellant was named executrix and as such filed an inheritance tax return showing those benefited as Ida C. Lane, Cramer, Illinois, sister of decedent, who was given a bequest of $500, against which no tax was returned as due, and Jennie M. Fahenstock, widow, who received the residue of the estate amounting to $39,002.52, and widow's award of $1000, and after deducting statutory exemptions a tax of $400.05 was returned as due.

The Attorney General filed objection claiming that Jennie M. Fahnestock took only a life estate in the residuum, and that the remainder went to the legal heirs of said decedent, which remainder was subject to a tax

under section 25 of the Inheritance Tax Act, as though the remainder went to one niece or one nephew of the testator. These objections having been overruled by the county judge, the People appealed to the county court, as provided by statute. The cause was there heard before a judge from an adjoining county.

The inheritance tax return filed by the executrix and a stipulation were filed as evidence. Clause 9 of the latter recited, in effect, that if the will of decedent be construed as passing a fee simple estate to the widow, then the tax of $400.05 is the proper tax; but if it be construed as passing a life estate to the widow and the remainder to the legal heirs of decedent living at the time of the death of Jennie M. Fahnestock, then the tax should be assessed under section 25 of the Inheritance Tax Act, in the amount of $1790.51.

The trial court construed the will as vesting in Jennie M. Fahnestock a life estate only, and held that after deducting the value of the life estate the remainder descended to one nephew or one niece of the decedent, as contemplated under section 25 of the Inheritance Tax Act. The court computed the life estate of Jennie M. Fahnestock at $11,121.15, which, allowing statutory exemptions, resulted in no tax against that interest; and that the remainder was taxable under section 25, resulting in a tax of $1790.51.

Appellant's motion to set aside the order and for a new trial having been overruled, this appeal followed. The appellant urges that under either of two theories the trial court was in error: First, that the third clause of the will gave Jennie M. Fahnestock, absolutely and as a fee simple estate, all of the residue of said estate after payment of the debts and bequeathed the legacy of $500 to testator's sister; that the fourth clause is repugnant to the provisions of the third clause and is an attempt on the part of the testator to dispose of property which has been given in fee

by the third clause of the will and should therefore be held void, and under this theory the entire residue of the estate passed to the widow under the third clause and the proper tax would be $400.05. Second, that the third and fourth clauses, when construed together, give the widow a life estate in the residue with power to dispose of and consume the entire residue; that the remainder of the residue not disposed of in her lifetime was bequeathed to the heirs of the testator, which gave a vested interest in the heirs of the testator living at his death; that the testator left his widow and his sister as his only heirs-at-law; that if his widow is found to be one of his heirs, then the remainder, after the expiration of the life estate would pass to her under the fourth clause, as all the residue is personal property, and a tax of $400.05 should have been assessed against her. However, counsel concede that the words "my legal heirs," used in the fourth clause, may mean next of kin or heirs by blood, under which construction the widow should not be construed as being included within the meaning of said words "my legal heirs;" and Ida C. Lane, sister, was the testator's only legal heir and the remainder in the residue after the life estate passed to her under the fourth clause. In which case the tax on this remainder should be fixed at $367.63. Her counsel argue that as a greater tax would be produced on the contingency that the widow would use and dispose of the entire residue as authorized by the third clause of said will, the entire residue should be considered as passing to her and a proper tax would be $400.05. It seems to be agreed in the briefs that the vesting of the estate is not postponed until the termination of the life estate of the widow and that the children of Ida C. Lane were not bequeathed any interest in the estate.

Appellee confesses error and suggests that the tax cannot be sustained on any theory advanced by the trial court. Appellee also concedes that the theory urged by

it in the county court was erroneous and that while, under the general rule, appellant is precluded from urging errors inconsistent with the stipulation, or with admissions or theories presented to the trial court in this case, the stipulation concerning the legal effect of admitted facts is inoperative. Stipulations as to the legal effect of admitted facts are inoperative. It is the duty of courts to determine the rights of persons or of property controverted in the cases before them. That power or duty cannot be affected by stipulation of the parties as to the law. *People ex rel. Reinhart* v. *Herrin,* 284 Ill. 368; *People ex rel. Harvey* v. *Vaughan,* 282 Ill. 163; *Swift & Co.* v. *Hocking Valley Railway Co.* 243 U. S. 281, 61 L. ed. 722.

The question to be determined here is whether, under the third and fourth clauses of the will, appellant took a fee or a life estate in the residue of the estate of the testator, and if the latter, how the tax on the remainder is to be assessed. The purpose of construing a will is to ascertain and, if possible, to give effect to the intention of the testator. The law authorizes and requires, in interpreting a particular provision of a will, a consideration of the entire will to arrive at the testator's intention, and to do so a consideration of the language used, no matter in what part or parts of the will the language is found, is necessary. (*Keiser* v. *Jensen,* 373 Ill. 184; *Bender* v. *Bender,* 292 Ill. 358; *Meins* v. *Meins,* 288 Ill. 463.) This court has repeatedly held that, if possible, courts should harmonize apparently inconsistent or repugnant clauses or provisions of a will so as to give effect to each in accordance with the testator's general intention in the light of the circumstances surrounding its execution. *Heitzig* v. *Goetten,* 347 Ill. 619; *Field* v. *Field,* 297 Ill. 379.

Where language is used in a will which, standing alone, is sufficient to create an estate of inheritance in the first taker, subsequent language, in order to cut down such estate, must be clear and unmistakable. (*Keiser* v. *Jensen,*

373 Ill. 184; *Sweet* v. *Arnold,* 322 Ill. 597; *Hempstead* v. *Hempstead,* 285 Ill. 448.) If, from the language contained within the four corners of the will, it clearly appears to have been the testator's intention to impose a limitation upon the estate first given, that intention will be given effect. *Tripp* v. *Krauth,* 340 Ill. 11; *Knight* v. *Gregory,* 333 Ill. 643; *Gahan* v. *Golden,* 330 Ill. 624.

In *Keiser* v. *Jensen,* 373 Ill. 184, the testator, in clause 2, devised and bequeathed to his wife all of his property, real, personal and mixed, of what nature and kind soever and wheresoever the same shall be at the time of his death. The third clause provided: "If at the decease of my wife, Anna B. Keiser, there should be any real estate or personal property left it is my request that it be divided between my two children, George W. Keiser and Mabel E. Keiser Jensen, to share and share alike." The widow died testate and by her will devised the real estate, which was a part of the estate of her husband, to Mabel E. Keiser Jensen. George W. Keiser filed a suit for partition. The circuit court held that the will of the father gave his widow a life estate with power of disposition of all the estate during her life, and a vested remainder in the two children. This court in affirming that decree overruled *Sweet* v. *Arnold,* 322 Ill. 597, in so far as what was said in that case was contrary to the holding as applied to the Keiser will. It will be noted that in *Keiser* v. *Jensen,* 373 Ill. 184, the testator "requested" that what remained of his estate at the death of his wife be divided between his two children. In the case before us the will bequeaths the residue or any portion of the testator's estate remaining unexpended at the widow's death to his legal heirs. This language indicates more strongly than did the language in the Keiser will an intention to limit the bequest to the wife to a life estate. The holding in *Keiser* v. *Jensen,* 373 Ill. 184, is controlling and we conclude that Jennie M. Fahnestock, under

the third clause of her husband's will, took a life estate, and his legal heirs the remainder in fee.

Who, then, are the "legal heirs" of the testator? This court has frequently held that the word "heirs" when used in a will, does not necessarily have a fixed meaning. It may mean children or, where there are no children, it may mean some other one class of heirs (not including all the heirs,) if the context of the entire will plainly shows such to have been the intention of the testator. Greater latitude is allowed in the construction of a will than is allowed in the construction of a deed, (*Duffield* v. *Duffield*, 268 Ill. 29; *Webbe* v. *Webbe*, 234 Ill. 442,) and though the technical meaning of the word "heirs" ordinarily will *prima facie* prevail, such meaning will not be given effect to the extent of defeating the obvious general intention of the testator. (*Johnson* v. *Askey*, 190 Ill. 58; *Blackmore* v. *Blackmore*, 187 Ill. 102.) "Heirs," "heirs-at-law," and "legal heirs," are in a legal sense the same. We are of the opinion that the language used in this will clearly shows an intention that as appellant may dispose of the entire residuum during her lifetime she may not dispose of it by will at her death, for he clearly directs that such as remains shall go to his legal heirs. This evidences an intention that his "legal heirs" who were of his blood should receive that portion of his property remaining after the death of his wife. He and his wife had no children. His estate consisted solely of personal property. That portion of it remaining after the death of his wife he bequeathed to his legal heirs. Had he intended what remained pass to those who would take by the laws of descent had he died intestate, the fourth clause would have been meaningless. It is clear that the words "legal heirs" were not meant to be used in their technical sense but in their popular meaning, and that he did not intend his wife be deemed to be one of or his only "legal heir," but he meant heirs of his blood. This conclusion is supported

by *Noe* v. *Moseley,* 377 Ill. 152, *Belleville Savings Bank* v. *Aneshaensel,* 298 Ill. 292, *McGinnis* v. *Campbell,* 274 Ill. 82, and *Black* v. *Jones,* 264 Ill. 548. In *Black* v. *Jones,* 264 Ill. 548, it was pointed out that at common law "heirs-at-law" were next of kin by blood.

It is true, as appears to be conceded, the gift over in such of the estate as remained at the death of the widow vested upon the death of the testator, but possession thereof, if any there be, does not pass until the death of the widow.

Our conclusion is that Jennie M. Fahnestock, under the will, took a life estate with power of expending as much, or all, of the estate as she may choose, and that Ida C. Lane, sister of the testator, who is the only one designated by him as his "legal heir," is entitled to all, if any, that might remain of the estate upon the death of Jennie M. Fahnestock. It appears to be conceded that under this construction the tax should be assessed at $367.63.

The judgment of the county court is reversed and the cause remanded, with directions to enter an order fixing the inheritance tax due in accordance with the above finding.     *Reversed and remanded, with directions.*