(No. 30084.—

Mary Frances Knisely, Appellee, *vs.* Ruth Virginia Simpson, Appellant.

*Opinion filed September 18, 1947.*

ARLO E. BANE, of Bloomington, for appellant.

HOMER ENGLISH, of Bloomington, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

A decree of the circuit court of McLean county construed the second section of the last will and testament of George W. Simpson, deceased. From this decree, one of his daughters, Ruth Virginia Simpson, prosecutes this appeal, a freehold being necessarily involved.

George W. Simpson died testate on September 6, 1936, leaving surviving as his only heirs-at-law his wife, Leonore Kline Simpson, their daughter, Ruth Virginia Simpson, and Mary Frances Knisely, Simpson's daughter by an earlier marriage. The testator's estate included personal property, four vacant lots and an improved parcel of real

estate in the city of LeRoy, in McLean county. By the first section of his will, Simpson directed the payment of his debts and funeral expenses. The second section provides: "Second, After the payment of such funeral expenses and debts, I give, devise and bequeath unto my beloved wife Leonore Kline Simpson all my estate and effects, whatsoever and wheresoever, both real and personal of which I die possessed or seized. It is my desire that she may sell and convey any or all of my property of which I die seized or possessed in her own name and in my stead the same as I might do were I living and this at any time she thinks best. It is my wish that at the death of my said wife Leonore Kline Simpson that of what is left of my property so left by me as aforesaid my daughter Ruth V. Simpson have the sum of $500.00 (Five Hundred Dollars) and what of the furniture and fixtures I die possessed as she may select.

"After the fulfillment of my wishes as stated above it is my wish and I give, devise and bequeath all the rest, remainder and residue unto the said Ruth V. Simpson and Mary Frances Knisely of Toledo, Ohio, share and share alike."

Leonore Kline Simpson died testate on December 9, 1940, without having sold any of the real estate previously described. A stipulation of the parties discloses that she had disposed of all other property devised and bequeathed to her by her husband. By her will, she made a bequest of five dollars to her stepdaughter, Mary Frances Knisely, and devised and bequeathed the residue of her estate to her own daughter, Ruth Virginia Simpson.

October 25, 1945, the plaintiff, Mary Frances Knisely, filed her complaint captioned "Complaint to Construe Will and for Accounting" in the circuit court of McLean county. The complaint alleges that, by the quoted portion of Simpson's will, he intended to devise to his wife a life interest in the real estate, with power to convey; that she failed

to exercise the power under the will and that, by virtue of the will and the death of the life tenant, plaintiff and Ruth Virginia Simpson, hereafter referred to as the defendant, each became seized of an undivided one-half of the property. The relief sought was a decree directing defendant to account for rents and profits received from the property, commencing December 9, 1940, the date of her mother's death; that the parts and shares belonging to plaintiff and defendant be settled, and that a division and partition of the property be made.

Defendant's answer avers that the property was devised to Leonore Kline Simpson in fee and that, upon her death, it descended, under the terms of her will, to defendant, subject only to the payment of five dollars to plaintiff. Answering further, defendant denied that plaintiff was entitled to a division or partition of the premises and challenged her right to an accounting.

It appears that a codefendant, a public utility company, was in possession of a portion of the property in controversy under a lease providing for a tenancy from month to month at a rental of thirty-five dollars per month and that another tenant occupied a part of the property at a monthly rental of eight dollars.

The cause was referred to a special master in chancery who found that George W. Simpson intended to, and did, devise to his wife a life estate in the real estate, with power to sell and convey the fee of any or all of the property during her lifetime and at any time she might think best, with remainder to plaintiff and defendant, share and share alike, subject to the payment of $500 to defendant; that since Leonore Kline Simpson died without exercising her power of sale over the premises, plaintiff and defendant are each seized of an undivided one-half part of the premises, subject to the payment of defendant's bequest and to the rights of the tenants. The master found, further, that defendant had expended $608.28 for repairs,

decorating and taxes, and that she should render an accounting of all rents and profits from the property received by her, be credited for the expenditures described, and that the net rents be divided equally between plaintiff and herself. Objections to the report filed by defendant were overruled and ordered to stand as exceptions. On November 25, 1946, the chancellor entered a decree in substantial conformity with the master's recommendations and ordered partition of the property and an accounting. This appeal followed.

The decisive question presented by the pleadings and upon this appeal is whether Leonore Kline Simpson, under the will of George W. Simpson, took title in fee simple to the real estate owned by her husband or, instead, a life estate with the power of disposition. The cardinal rule of testamentary construction is to ascertain and give effect to the intention of the testator, unless he attempts to accomplish a purpose or to make a disposition contrary to some established rule of law or public policy. (*Riddle* v. *Killian,* 366 Ill. 294; *Norton* v. *Jordan,* 360 Ill. 419.) To arrive at his intention, as expressed by the words of the will itself, is the purpose of testamentary construction. (*Cahill* v. *Michael,* 381 Ill. 395; *Dahmer* v. *Wensler,* 350 Ill. 23.) In determining the intention of a testator, the words of the will are to be read in the light of the circumstances under which the will was made, including the nature, extent and condition of the testator's property as well as his relations to his family and the beneficiaries named. (*In re Estate of Reeve,* 393 Ill. 272.) All the provisions of a will, including the residuary clause, are to be construed as a whole and effect given, if possible, to every part of the will. (*Strauss* v. *Strauss,* 363 Ill. 442.) Isolated language in one clause should not be extracted and construed apart from its relation to the entire will. *In re Estate of Reeve,* 393 Ill. 272; *Halderman* v. *Halderman,* 342 Ill. 550.) Where a testator, by his will, employs

language sufficient to pass title in fee, if it be clearly shown by other clauses or parts of the will that he intended to reduce, qualify or cut down the fee granted, such intention will prevail. (*In re Estate of Reeve,* 393 Ill. 272; *Riddle* v. *Killian,* 366 Ill. 294; *Meins* v. *Meins,* 288 Ill. 463.) In particular, a devise of a fee may be restricted by subsequent words in a will and changed to an estate for life. (*Gahan* v. *Golden,* 330 Ill. 624; *Cales* v. *Dressler,* 315 Ill. 142; *McClintock* v. *Meehan,* 273 Ill. 434.) Subsequent provisions of a will, in order to cut down an estate in fee simple absolute to a lesser estate, must be expressed in clear and unmistakable language. (*Scott* v. *Crumbaugh,* 383 Ill. 144; *Cahill* v. *Michael,* 381 Ill. 395; *Jensen* v. *McMahon,* 324 Ill. 574; *Sweet* v. *Arnold,* 322 Ill. 597.) Conversely, where the entire language of the instrument reflects an intention to impose a limitation upon the estate, this intention will be rendered effective. *Scott* v. *Crumbaugh,* 383 Ill. 144; *Keiser* v. *Jensen,* 373 Ill. 184.

Although the first sentence of the second section of George W. Simpson's will, standing alone, is sufficient to create an estate in fee simple absolute in the property devised and bequeathed, subsequent provisions, with unmistakable clarity, proclaim the testator's intention of reducing the estate in fee to a life estate. The dominant intention expressed by the testator was to make adequate provision for his wife during her lifetime. This he accomplished by devising and bequeathing his entire estate to her for life, with the power to sell any part, or all, of the property whenever she desired so to do and to expend the proceeds as she might desire. At the same time, he made provision for his two daughters by devising the remainder, if any, in equal parts, to them, subject only to a charge of $500 to the younger daughter, upon the death of the latter's mother. As in *Keiser* v. *Jensen,* 373 Ill. 184, the wife was devised a life estate with power of sale, but was not given the power to dispose of the property

by her own will. Defendant misses the point when she states that the life tenant was granted the same latitude in dealing with the property as the testator would have enjoyed, and that this could be exercised only if she acquired an estate in fee. The testator permitted the sale and conveyance by the life tenant during her lifetime but, at the same time, barred disposition of the property in any other manner. Particularly applicable is our observation in *Scott* v. *Crumbaugh*, 383 Ill. 144, "The rule that a will, if possible, will be construed as giving an estate of inheritance to the first taker, is only a rule of construction and must yield to the intention expressed by the language of the will. It cannot be applied where to do so would result in disregarding the language of the will or the intention of the testator expressed by the language used."

In *Cales* v. *Dressler*, 315 Ill. 142, the testator devised and bequeathed to his wife all of his property "to have for her own, to do with as she wishes,—that is, to either keep or sell, as she wishes, and spend the proceeds as she may desire. *Fourth*—After the death of my wife, Sarah Ann Gaines, if there be any of my estate left it is my will that whatever is left be equally divided between my nephew, William Troy Cales, his wife, Johanna Cales, and my niece, Minnie L. Cales." This court observed that had the testator desired his property to go to his wife absolutely and unconditionally he would simply have given it to her outright, with no mention of a disposition of the remainder and without limiting her power of disposition to a conveyance in her lifetime, adding, "Under wills containing language similar to the one here involved this court has held that a life estate was devised, with power in the devisee to sell any part or all of the real estate in his lifetime, but if any estate remained at the death of the life tenant it passed to the remaindermen named."

*Keiser* v. *Jensen*, 373 Ill. 184, closely parallels the present case. By the second section of his will, the testator,

Frank Keiser, gave, devised and bequeathed to his wife, Anna B. Keiser, all of his property. The next section declared: *"Third.* If at the decease of my wife, Anna B. Keiser, there should be any real estate or personal property left it is my request that it be divided between my two children, George W. Keiser and Mabel E. Keiser Jensen, to share and share alike." We held that the manifest intention of the testator was to give his wife a life estate with power of sale, although a power of sale was not expressly granted, and that, upon the death of the wife, the property would be equally divided between the two children of the testator, even though by the will of the testator's widow she devised all the property to one child, only.

Our attention is directed to the third sentence of the second section of the will where the testator expressed his "wish" that, upon the death of his wife, their daughter, the defendant, should have $500 and so much of other personal property as she might select. This provision is followed by the words, "After the fulfillment of my wishes as stated above it is my wish and I give, devise and bequeath all the rest, remainder and residue" to the two daughters in equal shares. Defendant argues that the quoted words are precatory in nature, expressing only a wish on the part of the testator. It is true, as defendant maintains, that precatory words in a will, in order to constitute a limitation of a devise in fee simple, must do more than contain the expression of a hope or a wish of the testator. (*MacGalliard* v. *Duis,* 370 Ill. 230.) Whether words used in a devise disclose an intention of the testator to dispose of the property himself or are merely precatory depends upon whether he meant to control the disposition of the property, and, if he did so, it is his will no matter how mildly the wish is expressed. Conversely, if he simply indicates, by the words employed, what he regards as a wise disposition, leaving it to the discretion of the person taking the title to dispose thereof, then it is

not his will. (*Keiser* v. *Jensen,* 373 Ill. 184.) Precatory expressions are more frequently deemed to be intended to be mandatory if the person to whom they are addressed is the spouse of the testator, as here, to whom it is not to be expected that commands would be expressed in the same forcible language as between strangers. (*Keiser* v. *Jensen,* 373 Ill. 184, and cases there cited and analyzed.) When all the provisions of the second section of the will of George W. Simpson and the circumstances of the interested parties are considered, the conclusion is impelling that the testator intended the words "It is my wish" and "After the fulfillment of my wishes as stated above it is my wish" as positive and unequivocal directions.

The decree of the circuit court of McLean county is right, and it is affirmed.

*Decree affirmed.*