Pearl Walker, et al., Administrator of the Estate of Sarah Edna Nelson, Deceased, Plaintiffs-Appellants, v. Lindell Sturgis, Executor of the Will of Otis Nelson, Deceased, and Rolla Nelson, Defendants-Appellees.

Gen. No. 64–11.

Fifth District.

April 8, 1964.

Jack Williamson, of Vienna, for appellants.

Louis G. Horman, of Metropolis, for Lindell Sturgis, and August Fowler, of Marion, for Rolla Nelson, appellees.

SMITH, J.

Plaintiffs filed a complaint charging that paragraph four of the will of Otis Nelson gave his widow a fee simple estate and that the gift over to a brother, Rolla, was void. Defendants moved to strike the complaint on the ground that the paragraph is neither ambiguous nor uncertain and that the court should not assume jurisdiction to construe a will which is neither ambiguous nor uncertain. The trial court allowed defendants motion to strike and, plaintiffs electing to stand on their complaint, entered an appropriate judgment in bar. On appeal to the Supreme Court, the case was transferred to us for decision.

The controversial portion of the will reads:

"I give, devise and bequeath to my beloved wife, Edna Nelson, to have and to hold during her natural life, all of the remainder and residue of my property, both real and personal, for her comfort and support, and I give, devise, and bequeath the remainder of my estate, both real and personal, to Rolla Nelson and his heirs, forever. That is to say, my beloved wife, Edna Nelson, is to have the above named residue of my property so long as she shall live and upon her death, the same shall pass and is devised, given and bequeathed to my beloved brother, Rolla Nelson."

Plaintiffs, as administrator of the estate of Edna Nelson and her heirs at law, contend that the words "for her comfort and support" are unqualified and unlimited and gave Edna Nelson, widow of the testator, the power to alienate in fee simple thus voiding the attempted limitation over to Rolla Nelson, a brother of

252

the decedent. Defendants, Rolla Nelson, the claimed remainderman, and the defendant Sturgis, executor of the Otis Nelson will, contend that Edna Nelson had only a life estate with remainder in fee to Rolla.

Plaintiffs contend that the words "for her comfort and support" must have some meaning. Plaintiffs readily concede that these words do not suggest an express power of sale, coupled with a life estate, but that they clearly imply the right to alienate in fee, if she cared to do so. They rely heavily on Sweet v. Arnold 322 Ill 597, 153 NE 746. The language there was "all the other and residue of my estate . . . I give and devise and bequeath to my beloved wife . . . and if at her decease there be any unexpected remainder" a gift over. Patently this language is far removed from that used in the case at bar. Moreover, the rationale of Sweet has been repudiated by our Supreme Court in Keiser v. Jensen, 373 Ill 184, 25 NE2d 819, 822, as follows:

"Professor Simes, in his work on Future Interests, volume 2, sec 599, in discussing cases where the gift to the first taker is indefinite, says: 'In Jackson exdem-Livingston v. Robins, 16 Johns 537 (NY 1819), Chancellor Kent observes that we may lay it down as the incontrovertible rule, that where an estate is given to a person, generally, or indefinitely, with a power of disposition, it carries a fee.' This doctrine has been the lodestar for numerous subsequent opinions, where it would be much more rational to say that effect could have been given to all the language of the instrument including the gift over by treating the indefinite gift as a life estate. There is, however, quite a tendency in more recent years to escape from the hardship of Chancellor Kent's dictum, and in Missouri and Nebraska and perhaps other jurisdic-

tions this has been done. Krause v. Krause, 113 Neb 22, 201 NW 670; Merrill v. Pardum, supra; In re Darr's Estate, 114 Neb 116, 206 NW 2; Walton v. Drumta, 152 Mo 489, 54 SW 233; Wintuska v. Peart, 237 Ky 666, 36 SW2d 50; City of Little Rock v. Lenon, 186 Ark 460, 54 SW2d 287, and cases from other states are cited. The Kentucky case recognizes the fact that many courts have adopted the ancient rule, but that courts generally, including the Kentucky court, have long since come to the conclusion, that requiring the intention of a testator or grantor, gathered from the entire instrument, to prevail, if not in violation of some positive rule of law or public policy, overshadows and dispenses with the ancient, technical common-law rule. This is in harmony with many holdings of this court. What is said to the contrary in Sweet v. Arnold, supra, is overruled, so far as it applies to this case."

Plaintiffs concede that there is no express power of sale contained in the will but insist that the words "for her comfort and support" necessarily imply a general power of disposition. We cannot agree with this contention. The sentence following their use for a second time uses the classic language for the creation of a life estate. Baker v. Forsuman, 15 Ill2d 353, 155 NE 2d 24. That the testator well knew how to create a fee simple appears from clause three of his will which gave an undivided one-half interest in a farm to one Jasper H. Nelson, "to be his absolutely and in fee simple." The use and occupancy of the property by the life tenant certainly contributes to "her comfort and support" and does not, in our judgment, imply or require a fee simple absolute to accomplish such purpose. Considering all of the language used, it seems clear to us that the testator not only implied but said that it should be retained for her comfort and support

254

during her lifetime. In 33 Am Jur Par 21, p 484, the rule is stated:

> "The great weight of authority supports the rule that a life estate expressly created by the language of an instrument will not be converted into a fee, or into any other form of estate greater than a life estate, merely by reason of there being coupled with it a power of disposition, however general or extensive."

Even in those jurisdictions following the minority rule that an absolute power of disposition, express or implied, added to a life estate enlarges that estate to a fee, it is held "that even an implied limitation on a power of disposition given to a life tenant would prevent such power from operating to enlarge the life estate into a fee. For example, a power given to the life tenant to sell the land for her support or for reinvestment was not an unlimited power of disposition within the meaning of the rule, and she took but a life estate." 33 Am Jur Par 23, pp 488–9.

It thus appears that the words here used are not unlimited even within the meaning of the minority rule and the life estate is not enlarged into a fee. It follows that the widow had only a life estate and plaintiffs, as her heirs at law, have no interest in this property.

We necessarily conclude that the action of the trial court in dismissing the suit for want of equity was correct and its order is hereby affirmed.

Affirmed.

CROW, P. J. and SPIVEY, J., concur.