Emilie Barrenscheen, Appellant, v. Katchen Grosch et al., Appellees.

Gen. No. 41,192.

filed June 26, 1940. Rehearing denied July 9, 1940.

EDWIN L. WAUGH, of Chicago, for appellant; WALTER B. SMITH, of Chicago, of counsel.

J. COLBURN HAMILTON, for appellees; DANIEL F. KEMP, of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Plaintiff filed a bill to construe the will of Henry Barrenscheen. The case was heard by the court upon the complaint, with the will of Henry Barrenscheen attached, and the joint and several answer of defendants. The complaint prayed that the court find: "A. . . . that plaintiff was by the will aforesaid vested with a fee simple title to all the real estate aforesaid free and clear of all charges of any and every kind and nature whatsoever," and that the court find "B. . . . that plaintiff, under the last will and testament of the said Henry Barrenscheen aforesaid, became seized and possessed of all the real estate of which the said Henry Barrenscheen died seized and possessed, free and clear of all charges of any kind and nature whatsoever." The answer of defendants prayed "that said will be construed by the court, but deny that plaintiff is entitled to the relief prayed for in said complaint, and ask that a decree be entered finding that the payment of $5,000 out of the estate of said Henry Barrenscheen by Emilie Barrenscheen, after her death, to Jacob Brand or his heirs is a charge or equitable lien upon the real estate described in said complaint." The decree recites the second paragraph of the will (the one which the trial court was called upon to interpret), which provides as follows: "Second: After the payment of such funeral expenses and debts, I give, devise and bequeath unto my wife, Emilie Barrenscheen all my personal and real

property to have and to hold the same forever. Should, however, no child be born to my wife during our matrimonial life, or should a child be born and should the same die before the death of my wife, then my wife shall be held to pay out of my estate after her death, the sum of Five Thousand Dollars ($5,000.00) to Jacob Brand of Biebelnheim, Hene-Darmstadt Germany, brother of my first wife or his heirs.'' The decree found that no child was ever born to Emilie Barrenscheen during her matrimonial life with Henry Barrenscheen; that said Barrenscheen died seized of certain real estate (the legal description follows); that Jacob Brand departed this life ''leaving him surviving Katchen Grosch, Philipp Brand, Elisabeth Malsy, Anna Brand, and Marie Gurisch, as his only heirs at law.'' The decree orders, adjudges and decrees: ''1. That the true construction, meaning, interpretation and effect of the second paragraph of said will according to the intent of the testator as gathered from the entire will is that Emilie Barrenscheen, plaintiff herein, takes a fee simple title to said real estate, subject to a charge of $5,000, to be paid to Jacob Brand of Biebelnheim Hene-Darmstadt, Germany, or his heirs after the death of the said Emilie Barrenscheen. 2. That Emilie Barrenscheen is the owner in fee simple of the following described real estate: [Here follows a legal description of the real estate.] subject to a charge or lien in the sum of $5,000, to be paid to the heirs of Jacob Brand of Biebelnheim Hene-Darmstadt, Germany upon the death of said Emilie Barrenscheen.'' Plaintiff appeals from the decree.

Plaintiff contends: ''I. By the will . . . the plaintiff was bequeathed all his personal property and was devised an estate in fee simple in and to all the real estate of which he died seized and possessed. Therefore there was no estate remaining from which any further gift might be paid. II. The $5000 referred to in the will was not a lien or charge upon the real estate.

III. The condition stated in the second paragraph of said will was impossible of fulfillment and therefore was void. IV. In the construction of a will, any ambiguity should be resolved in favor of the widow in preference to the children of a deceased brother of a former wife of the testator."

Defendants contend: "I. A specific bequest of a sum of money directed to be paid out of the testator's estate by the executrix, who is also the sole devisee, is not void as an attempted limitation on the fee simple title devised to her. A. A charge on real estate is not an interest in land and does not limit a fee subsequently devised. B. An estate in fee simple absolute may be cut down by subsequent language in the will which is clear and unmistakable. II. The bequest directed to be paid by the executrix and sole devisee out of the testator's estate is a charge upon the real estate devised under the will. A. The intention to charge the payment of a bequest or legacy upon the real estate may be implied from the whole will taken together. B. Where real and personal estate are blended together in one mass in a general disposition, the real estate is charged with payment of the legacies. C. Where a devisee is expressly directed to pay certain legacies, although not expressly charged by the will, this will charge the legacies on the real estate devised."

Our Supreme Court has always followed the old rule that in the construction of wills the intention of the testator is the polar star to guide the court in its interpretation. In *Meins v. Meins*, 288 Ill. 463, the court states (pp. 465, 466): "The principal rules of construction are: The intention of the testator, if not inconsistent with the established rules of law or public policy, must govern. This intention must be gathered from the whole will and all its parts taken together. Every clause and provision, if possible, should have effect given to it according to the intention of the maker. (*Fifer v. Allen*, 228 Ill. 507; *Lander v. Lander*, 217 id.

289; *Hamlin v. United States Express Co.,* 107 id. 443; *Henderson v. Blackburn,* 104 id. 227; *Bland v. Bland,* 103 id. 11; *City of Peoria v. Darst,* 101 id. 609; *Giles v. Anslow, supra* [128 Ill. 187]; *Boyd v. Strahan,* 36 Ill. 355.) A later clause of a will, when repugnant to a former provision, is to be considered as intending to modify or abrogate the former. *Harris v. Ferguy,* 207 Ill. 534; *Hamlin v. United States Express Co., supra.''* In *Keiser v. Jensen,* 373 Ill. 184, 187, the court states: ''Where, in a will, language is used which, standing alone, is sufficient to create an estate of inheritance in the first taker, any subsequent language, in order to cut down such estate, must be clear and unmistakable. (*Sweet v. Arnold,* 322 Ill. 597; *Hempstead v. Hempstead,* 285 id. 448.) If it appears from the entire language of the instrument that it was the intention to impose a limitation upon the estate, that intention will be given effect. *Gahan v. Golden,* 330 Ill. 624; *Tripp v. Krauth,* 340 id. 11; *Knight v. Gregory,* 333 id. 643. The test whether words used in a devise are dispositive or merely precatory is: Does the testator mean by such words to control the disposition of the property? If so, it is his will no matter how mildly the wish is expressed; but if he simply indicates by such words what he regards as a wise disposition, leaving it to the discretion of the person taking the legal title to the property to dispose thereof, then it is not his will. (*Hempstead v. Hempstead, supra.*)''

In our opinion the intention of Henry Barrenscheen is clearly and unmistakably expressed in his will. The testator states: ''Should, however, no child be born to my wife during our matrimonial life, . . . then my wife *shall* be held to pay out of my estate after her death, the sum of Five Thousand Dollars ($5,000.00) to Jacob Brand . . . or his heirs.'' (Italics ours.) These are not precatory words but positive directions, the testator clearly intending by the language used to impose a charge upon the real estate to insure the pay-

ment of the $5,000 bequest. "A 'charge,' as used in the law of wills, as an obligation imposed on a person or estate, when imposed for legacies on property devised or bequeathed, creates a lien to be satisfied out of the specific property charged. . . . This lien is equitable in nature. . . ." (69 C. J., pp. 1159, 1160.) In *Meins v. Meins, supra,* the testator left an estate of 240 acres of land, of the value of approximately $30,000, and $800 in cash. The clauses of the will that the court was called upon to interpret were: "*Second*—After the payment of such funeral expenses and debts, I give, devise and bequeath to my wife, Lizzie Meins, all of my property, both real and personal, which I may die possessed of. *Third*—It is my wish, and I hereby direct, that three years after the death of my wife, Lizzie Meins, $10,000 of my said estate shall be given to my daughter, Annie Oltmans. *Fourth*—After my daughter, Annie Oltmans, has received her share of $10,000, the remainder of my estate I give, devise and bequeath to my son, Albert Meins." The chancellor construed the will as vesting an estate in fee in the widow by the second clause of the will, and decreed accordingly. We have heretofore quoted at length from the opinion in the *Meins* case. The Supreme Court there held that under the will the widow took a life estate; the son, a remainder, charged with the payment of $10,000 to the daughter, Annie Oltmans. In *Parsons v. Millar,* 189 Ill. 107, the will contained the following clauses (pp. 108, 109): "*Ninth*—Having given to my daughter Hannah D. Vause the sum of $1200, I now give to her the sum of $1000 in money, to be paid to her by my son William E. Millar within two years after my death, in consideration of bequest made by me to him, as hereinafter named. *Tenth*—Whereas, my daughter Mary Frances VanMeter has received from me, during my lifetime, $1216.50, I now bequeath to her the sum of $1000, to be paid to her by my son William E. Millar in consideration of bequest made by

me to him, as hereinafter provided. *Eleventh*—I give and bequeath to my son William E. Millar the following described land, to-wit: (here describing land . . .) provided that my son William E. Millar pay, as before specified, to my daughter Hannah Vause, within two years after my death, the sum of $1000, and to my daughter Mary Frances VanMeter, within three years after my death, the sum of $1000, which amounts shall be the sums bequeathed to them in clauses 9 and 10 of this will.'' The Supreme Court held (p. 113): ''It is evident from the language of paragraph 11 of the will that the title to the lands therein devised passed absolutely to William E. Millar, charged with the payment of the bequests of $1000 each, contained in paragraphs 9 and 10, to Hannah D. Vause and Mary F. VanMeter. *Daly v. Wilkie,* 111 Ill. 382.'' In the *Daly* case the will contained the following devise (pp. 384, 385): ''I will and bequeath unto my son, George Daly, all the following described real estate, to-wit: Lot Number five (5),'' etc., ''to have and to hold the same to him and to his heirs forever, subject, however, to the terms and conditions herein limited, that is to say, that he shall, within the term of seven years after my death, pay to my daughter, Bridget Daly, the sum of five hundred ————, for and on account of the above devise and bequest to him.'' The Supreme Court held that title to the lot passed absolutely to the son, but that the subsequent clause created a charge upon the same for the payment of $500 to the daughter, there being no dispute but that $500 was the sum intended. (See, also, *Haight v. Royce,* 274 Ill. 162; *Langworthy v. Golden,* 28 Ill. App. 119; *O'Brien v. Dougherty,* 1 App. D. C. 148.) Some of the foregoing cases proceed upon the theory that when a fee simple estate is devised a subsequent bequest or legacy charged upon the real estate does not cut down or limit the fee devised. But the recent case of *Keiser v. Jensen, supra,* holds that ''where, in a will, language is used which, standing alone, is sufficient to create an estate of inheritance in the first taker, any

subsequent language, *in order to cut down such estate,* must be clear and unmistakable. . . . If it appears from the entire language of the instrument that it was the intention to impose a limitation upon the estate, that intention will be given effect.'' (Italics ours.) The court also overruled a contrary expression in *Sweet v. Arnold,* 322 Ill. 597, cited by plaintiff. *MacGalliard v. Duis,* 370 Ill. 230, also cited by plaintiff, does not change or modify the holding in the *Keiser* case, but reaffirms it. In the *MacGalliard* case the testator not only made an express gift in fee simple to his wife, but he gave her absolute and general power of disposition of all the property he owned at his death. To quote from the opinion in that case (page 234): ''He then expressed a desire that there be paid out of the proceeds of the sale of his property, if any proceeds remained at his wife's death, certain sums, and that he desired the balance paid to his brothers and sisters.'' The court held (p. 235) that this language ''was the mere expression of a desire or wish, and did not constitute a devise because it concerned proceeds of sales, alone.''

Many cases cited by plaintiff involve the question of an attempt to limit a fee simple title devised to a devisee, but they do not involve bequests or legacies that are made a charge upon real estate, and, therefore, we do not consider them applicable to the instant case.

In the instant case the intention of the testator is not inconsistent with established rules of law or public policy, and it must govern.

But plaintiff contends that ''the condition stated in the second paragraph of said will was impossible of fulfillment and therefore was void.'' Plaintiff argues that when the testator used the following language, ''then my wife shall be held to pay out of my estate, *after her death,* the sum of $5,000,'' he stated an impossible and absurd condition because his wife could do nothing after her death; that impossible conditions have always been held to be void. It is hardly necessary to cite cases in support of the established principle of

law that in construing wills the cardinal rule is, and the constant endeavor of the courts must be, to give effect to the true intention and meaning of the testator as found from the language of the will. As we have heretofore held, the intention of the testator in the instant case is clear, and we refuse to hold that the charge against the real estate cannot be enforced because "the wife could do nothing after her death." The trouble with plaintiff's argument is that it is based upon an absurd interpretation of the language in question. It is idle to argue that the testator intended, by that language, that the wife should do something after her death. It is our duty to interpret the will so that the plain intent of the testator may be enforced, if possible. The bequest in question became a charge upon the testator's real estate when he died. That charge was in the nature of an equitable lien that could be enforced after plaintiff's death, if she failed to pay the $5,000 by a bequest in her will or otherwise.

Counsel for plaintiff has filed an able and ingenious brief in support of this appeal, but we have reached the conclusion that the trial court correctly interpreted the will, and the decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

FRIEND, P. J., and JOHN J. SULLIVAN, J., concur.