(No. 30704.— ▮▮▮▮▮▮▮▮▮▮▮▮▮)

THE EDGAR COUNTY CHILDREN'S HOME *et al.,* Appellees, *vs.* JOSEPH T. BELTRANENA, Admr., *et al.,* Appellants.

*Opinion filed January 19, 1949—Rehearing denied March 15, 1949.*

MEEKS & WISE, SAMUEL V. JINKINS, and HORACE E. GUNN, all of Danville, and HARVEY GROSS, of Paris, (HENRY S. WISE, of counsel,) for appellants.

LAWRENCE B. MOORE, of Paris, and KARL J. MOHR, of Rockford, for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

William Brock-Jones died testate on April 9, 1905, leaving his widow surviving. The second and third paragraphs of his will provide:

> *"Second.* I give devise and bequeath to my wife Mattie Brock-Jones, absolutely, all the rest and residue of my property of whatsoever nature and kind, and wherever situated, and it is my desire that on her demise, said property or estate as it may then be shall pass into the hands of the Orphans Home, Paris Edgar County, Illinois, and the Masonic Orphans Home, Chicago Illinois, share, & share, alike.
> *"Third.* I hereby nominate my wife Mattie Brock-Jones the Executrix of this my last Will and Testament, and direct that she be not required to give bond for the discharge of the duties devolving upon her under this appointment, and is to manage and control said property in the manner which seems best to her."

The will was admitted to probate on May 10, 1905, letters testamentary were issued to his widow, and the estate was duly administered. The widow continued in possession of testator's real estate and personal property until the time of her death, intestate, in 1945. The two charities named in testator's will then filed this suit in the circuit court of Edgar County against her heirs for the purpose of obtaining a construction of testator's will.

The question is whether, under the terms of that will, the widow acquired a fee-simple title to his real estate or

whether she was given only a life estate, with the remainder in the two named charities. The court below found that under a proper construction of the will it was testator's intention to devise his wife a life estate and the plaintiffs "the fee simple title . . . subject only to the life estate."

The law is well settled that the intention of the testator must be ascertained from a consideration of the will itself; that such construction must be adopted as will uphold all the provisions and give effect to all the language used by the testator. In doing this all repugnancies must be reconciled, if possible to do so without adopting an unreasonable or absurd construction. *Scott* v. *Crumbaugh,* 383 Ill. 144.

It is clear, from the first half of the second paragraph, that the widow was thereby given absolute title to the real estate and personal property. Had nothing more been added there could be no question as to the sufficiency of this paragraph to devise to her a fee-simple title in the property. Indeed, this would have been the effect even if the word "absolutely" were omitted. After making such provision, however, the testator said: "and it is my desire that on her demise, said property or estate as it may then be shall pass into the hands of" the two named charities.

The rule is well settled that subsequent language, in order to cut down the devise from an estate of inheritance to a lesser estate, must be clear and explicit so that there can be no uncertainty as to what was intended. (*MacGalliard* v. *Duis,* 370 Ill. 230.) Generally speaking, this is not true of words such as "desire" or "request." They are susceptible to two different constructions. They are either dispositive or precatory, depending upon the context in which they are used. Whatever may be said as to the effect of this clause had it been preceded merely by the words "I give, devise and bequeath to my wife Mattie Brock-Jones," the addition of the word "absolutely" required a much greater precision of expression than that contained in the words "and it is my desire" before the subsequent language can

operate to substitute a life 'estate for that created by the ordinary meaning of the words first used. That the testator was familiar with accurate dispositive terminology is apparent from his use of the words "give devise and bequeath" in connection with his gift to his wife. By failing to employ words of similar import in subsequent provisions, he has indicated that the latter were intended to express a mere wish as to the future disposition of the property by his wife. The testator must be considered to have used language with ordinary intelligence, and if he did so he clearly would not adopt these different modes of expression without intending a difference of meaning. It is only by recognizing the latter terminology as mere precatory expressions that an inconsistency can be avoided.

*Keiser* v. *Jensen,* 373 Ill. 184, is distinguishable on its facts. The two paragraphs of the will there involved provided as follows:

*"Second.* After the payment of such funeral expenses and debts, I give, devise and bequeath to my wife Anna B. Keiser all of my property both real personal and mixed of what nature and kind soever and wheresoever the same shall be at the time of my death.

*"Third.* If at the decease of my wife, Anna B. Keiser, there should be any real estate or personal property left it is my request that it be divided between my two children, George W. Keiser and Mabel E. Kaiser Jensen, to share and share alike."

We held there that the testator intended the word "request" as a positive direction. In arriving at that conclusion we observed, *inter alia:* "In determining what the testator meant by the word 'request,' account should be taken of the relative situation of the parties, the ties of affection subsisting between them, and the motives which would naturally influence the mind of the testator, as well as the existence of a moral duty on his part toward the

party who will benefit from compliance with his desires and recommendations. (*Morrison* v. *Tyler,* 266 Ill. 308; *Abrahams* v. *Sanders,* 274 id. 452.) The fact that, in the event a trust is declared, the person who will be benefited is a natural object of the testator's bounty, is entitled to strong consideration in determining whether the word 'request' or 'desire' in a will imports a command." Here there are no such considerations. The natural object of testator's bounty in the present case would, on the contrary, suffer a detriment by such a construction. Moreover, in the *Keiser case* there was simply a general devise to the wife, without any use of the word "absolutely" or similar term of reinforcement.

The other cases cited by appellees are likewise distinguishable. In some of them the language of the subsequent provision is of a strength and clarity equal to that of the words devising the property to the first taker, thus creating the alternative of either rejecting entirely the latter provision or rejecting in part the earlier provision. In others the gifts to the first takers are not expressly stated to be "absolutely" or "in fee simple," thus leaving some ambiguity as to the extent of the estate created in the light of the subsequent provisions. In some of those cases the devise to the first taker is also coupled with an express or implied power to sell and convey, an unnecessary provision if a fee-simple title were intended.

Appellees contend that by the concluding words of the third paragraph, namely that the wife "is to manage and control said property in the manner which seems best to her," the testator intended to add to the estate given to her in the second paragraph; that if he had devised a feesimple estate he could add nothing to it; and that therefore he must have intended to devise a life estate only. The third paragraph deals only with the widow's powers in her capacity as executrix, and does not purport to create any

beneficial disposition of property. The specified directions are entirely consistent with a devise to her in fee simple under the dispositive paragraph of the will.

Under the construction we have adopted, all the provisions of this will are given their natural effect. By recognizing as precatory expressions of desire the provisions following the gift to the wife, a repugnancy between the word "absolutely" and a restriction of her estate to one for life only, is reconciled. The testator's language itself provides the solution to the question. It is unnecessary to resort to the rule of construction that if possible a will must be construed as giving an estate of inheritance to the first devisee, or the rule that a construction is preferred which favors the heir or the natural object of the testator's bounty.

The decree is reversed and the cause is remanded to the circuit court of Edgar County, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*

Mr. JUSTICE GUNN took no part in the consideration or decision of this case.