Grace Hartman, Plaintiff-Appellee, v. Edward W. Meier, Individually and as Executor of the Estate of George Meier, Deceased, Defendant-Appellant.

Gen. No. 11,544.

Second District, First Division.

March 21, 1962.

Jacob Geffs, of Wisconsin, and Large, Reno, Zahm & Folgate, of Rockford, for appellant.

Knight & Knight, of Rockford, and John P. Derning, of Wisconsin, for appellee.

DOVE, P. J.

On October 10, 1956, George Meier died leaving his daughter, Grace Hartman and Edward W. Meier, his son, his only heirs. His will, executed April 30, 1955, was duly admitted to probate and his son, Edward, appointed executor thereof.

The estate of George Meier consisted of farmland, a portion of which was located in Illinois and the rest in Wisconsin. He was also the owner of farm property such as hay, straw, hogs and cattle and also had a checking account and five certificates of deposit in various banking institutions. The inventory disclosed that the principal and accrued interest evidenced by these five certificates of deposit, and the checking account aggregated $15,995.30; that

the land in Illinois was worth $30,000; the land in Wisconsin was worth $14,000 and the personal property on the farm was worth $5,117.57. These amounts aggregate $65,112.87.

The only provisions of decedent's will material to this proceeding are the following, viz:

"Seventh: I give, devise and bequeath to my daughter, Grace M. Hartman, the sum of Twenty Thousand and no/100 Dollars ($20,000) in cash as her absolute property forever, and do hereby make and declare said bequest a charge and lien upon all of my farm real and farm personal property until the same shall be fully paid to her with interest at five per cent (5%) per annum beginning six months after my death.

"Eighth: I give, devise and bequeath to my son, Edward W. Meier, all of my farm real estate and farm personalty, including farm machinery, tools, livestock, poultry, seed, feed and all crops growing and harvested subject to the lien of the aforesaid bequest to my said daughter, as his absolute property forever.

"Ninth: All of the rest, residue and remainder of my said estate and property, I give devise and bequeath to my said daughter and my said son, share and share alike, as their absolute property forever."

The instant complaint was filed by Grace Hartman on January 25, 1960, making her brother, Edward W. Meier, individually and as executor, a defendant. The complaint alleged that after the admission of this will to probate, Edward W. Meier, took possession of the farm devised to him and the farm property bequeathed to him and paid plaintiff $20,000 as directed in the seventh paragraph of said will; that thereafter defendant filed, in the probate court where

241

the administration of decedent's estate was pending, a final report as executor; that this report disclosed that after the payment of funeral expenses, costs of administration, a specific bequest of $50 to a named cemetery association, and all claims and debts against the estate, that the executor had in his possession $10,468.09; that in said final report defendant charged said bequest of "$20,000 to the estate and property of said testator in such a manner as to deplete said residuary estate of $10,468.09."

The complaint then alleged that objections and exceptions to the final report of the executor were filed by plaintiff in the probate court and averred that that court took the position that it was without jurisdiction inasmuch as the report of the executor and the objections thereto presented matters requiring a construction of the will of George Meier, deceased. The complaint averred that plaintiff requested defendant to institute a proceeding of this character in the circuit court of Winnebago County but charged defendant declined to do so.

The defendant answered admitting many of the allegations of the complaint. The answer stated, however, that after paying the debts, funeral expenses, cost of administration, taxes and the specific legacy of $50 to the cemetery association, there remained in the hands of defendant, as executor, the sum of $10,-468.09; that it was this sum, together with $9531.91 of his own money that defendant paid to his sister, in order to satisfy the $20,000 legacy bequeathed to her by the seventh paragraph of the will of decedent. The answer then avers that plaintiff was fully informed at the time the $20,000 was paid to her that he the defendant, in order to pay the same was using the residue of the estate amounting to $10,468.09, together with $9531.91 which he procured by placing a mortgage on the land devised to him.

The answer averred that plaintiff, upon receiving this payment of $20,000 executed and delivered to defendant quit claim deeds to the respective parcels of real estate devised to defendant and also executed a receipt and release of any charge or lien she may have acquired by virtue of the provisions of her father's will. The answer admitted that plaintiff had requested defendant to commence an action for the construction of decedent's will but he refused because he believed the will was clear, needed no construction and that it provide that plaintiff was to be paid her legacy to the extent that "the residue of the personal property in the estate would pay."

The issues made by the pleadings were submitted to the chancellor resulting in a decree finding that the testator bequeathed his daughter $20,000, and made the payment of the same a lien and charge on his farm and on the farm personal property; that testator devised to his son the farm and the farm personal property impressed with the lien of the bequest made to his daughter; that the son accepted said devise and paid to his sister $20,000; that this payment was made without the right to charge the same or any part thereof to the residuary estate until the assets, consisting of the farm and farm personal property, had been applied to the payment of said bequest.

The decree construed the seventh and eighth paragraphs of the will to mean that the bequest of $20,-000 was impressed as a lien on all decedent's farm properties; that testator intended that this bequest to his daughter be satisfied out of his farm properties before said bequest could be charged to his residuary estate, and that his son, the defendant, was not to have the farm properties except as charged with the lien of said bequest to the plaintiff. The decree found that the plaintiff was not guilty of laches in bringing this suit and had never acquiesced in defendant's

243

construction of her father's will. The decree found that the bequest to plaintiff had been paid but adjudged that defendant was without right to charge any part thereof to the residuary estate of decedent. To reverse this decree defendant appeals.

The contention of appellant is that the personal property of decedent constituted the primary fund for the payment of appellee's legacy; that after payment of the debts and claims against the estate of decedent together with the costs of administration and a small legacy of $50 there remained $10,468.09 with which to extinguish the bequest to appellee; that appellant added to this sum $9,531.91 of his own funds and was thus able to discharge the bequest to his sister.

Counsel insist that the will of decedent did not give appellee any interest in the farm devised to appellant and that none of its provisions specifically provided that appellee's legacy should be paid out of the farm or the farm personalty. Counsel insist that all the testator intended was that his daughter should have $20,000 in cash and to make sure that she would receive that amount he made its payment a lien and charge upon his real estate. Counsel argue that the legal effect of testator's general charge of the payment of this legacy on the land devised to appellant was simply to create a fund in aid of the personal estate of the testator for the payment of the legacy.

Counsel for appellee insist that by virtue of paragraphs seven and eight of the will of decedent, appellant was devised the farm and farm personalty subject to the payment by appellant, to appellee, of $20,000 which amount was to be paid appellee by appellant without the right to charge any part thereof to the residuary estate of the testator.

All of the authorities are to the effect that the intention of the testator is controlling and that the cardinal rule in the construction of wills is to ascer-

tain the intention of the testator from the will itself. (36 ILP, Wills, sec 203.) The general rule is also that legacies are payable out of the personal property of the testator's estate and are not charges against the realty unless made so by the will. (36 ILP Wills, sec 531.) In the absence of anything indicating an intention to the contrary, land specifically devised will be charged with the payment of legacies where the land is specifically devised "subject to" or "charged with" the payment of the legacy. (36 ILP Wills, sec 532), and the word "charged", when used as an obligation imposed upon a person or an estate, creates a lien to be satisfied out of the specific property charged. (36 ILP Wills, sec 531.)

██ As a general rule, in the absence of an intention otherwise, specifically devised land is not subject to a charge for the payment of legacies. Specifically devised land, however, will be subject to such a charge, where the testator's intention to make the legacies a charge thereon clearly appears, or may be clearly deducible from the provisions of the will, and the charge need not be made in express terms or by any particular language. "Thus, in the absence of anything indicating a different intention, land specifically devised will be charged with the payment of legacies where the land is specifically devised 'subject to', 'charged with' or 'on condition that' the devisee pay the legacies; or where land is so devised 'after' the payment of legacies." (97 CJS Wills, sec 1304(a).)

██ Where, however, a devisee is expressly directed to pay certain legacies, although not expressly charged by the will, this will, as a general rule, charge the legacies on the land to the relief of the balance of the estate. This rule is particularly applicable where the devisee is made subject to the payment of a legacy. (97 CJS Wills, Sec 1304(b).)

245

"When a devisee accepts lands which have been charged with a legacy the general rule is that he becomes personally liable for the payment of the legacy, which obligation may be enforced without resort to the land. The rule rests upon the reasonable principle, that he who takes a benefit under a will must take it subject to its provisions. The acceptance of the devise, therefore, imports a promise to pay the legacies." (28 RCL Wills, sec 291.)

In Ellis v. Dumond, 259 Ill 482, 102 NE 801 the will devised forty acres of land to testator's son, upon condition that he pay $400 to each of his two daughters and a like amount to his widow. The Supreme Court affirmed the portion of the decree of the lower court which held that the children of the devisee, who had died, were the owners of the land devised to their father subject to the payments of $400 to each of the two daughters and widow of decedent. To the same effect is Spangler v. Newman, 239 Ill 616, 88 NE 202. The Spangler case quotes (p 619) from Bugbee v. Sargent, 23 Me 269 where it is said: "When an estate is devised on condition of or subject to the payment of a sum of money, or where the intention of the testator to make an estate specifically devised the fund for the payment of a legacy is clearly exhibited, such legacy is a charge upon the estate."

■ The testator's personalty is exonerated, as the primary fund, from the payment of a legacy where the provisions of the will clearly show an intention to charge the legacy on the real estate. (97 CJS Wills sec 1301(b).) In the instant case the seventh paragraph of the will of decedent made the $20,000 legacy to his daughter "a charge and lien upon all of my farm real and farm personal property." And in the eighth paragraph decedent devised his farm and bequeathed his farm personalty "subject to the lien of the aforesaid bequest to my said daughter." Under

246

these provisions testator's personalty was exonerated as the primary fund, from the payment of the legacy. It was clearly the intention to charge the payment of appellee's legacy on the real estate devised to appellant as the sole fund for its payment.

In Barrenscheen v. Grosch, 306 Ill App 200, 28 NE 2d 181, the court quoted 69 CJ pp 1159, 1160, where it is said "A 'charge', as used in the law of wills, as an obligation imposed upon a person or estate, when imposed for legacies on property devised or bequeathed creates a lien to be satisfied out of the specific property charged."

In Schrader v. Schrader, 158 Iowa 85, 139 NW 160 it appeared that the testator devised, to his son George, certain real estate on condition that the devisee pay a stated sum to Henry Schrader, another son, and the court held, that the land devised to George was charged with the payment to be made by George to Henry.

Following the report of the case of Selzer v. Selzer, 146 Kan 273, 69 P2d 708 as reported in 116 ALR 1, there is an annotation relating to the rights and remedies of a legatee and the liability of a devisee in respect to a legacy charged upon devised land. It is there stated that the general rule is that when a devisee accepts lands which have been charged with a legacy, the devisee becomes personally liable for the payment of the legacy and that this rule rests upon the reasonable principle that he who takes a benefit under a will must take it subject to its provisions, so that the acceptance of the devise imports a promise to pay the legacy. This annotation is supplemented in 134 ALR 361.

■ The language of the will in the instant case is clear and unmistakable. It does not lend itself to any meaning other than that this legacy is a charge on the farm properties devised and bequeathed to appel-

247

lant. The intention of the testator was to couple the payment of the $20,000 legacy to his daughter, with the gift of the farm and farm personalty to his son. What the testator did was, to give his son, farm properties, real and personal, of an appraised value of $49,128.18, imposing thereon a charge and lien of $20,000 in favor of his daughter. After being freed of this lien and charge, the son obtains property valued at $29,128.18, and the daughter received $20,000 in cash. The father then divided the remainder of his estate, amounting to $10,468.09 equally between his son and daughter. What the will indicates is that the father was endeavoring to make substantially an equal division of his real and personal property on the basis of value. In stating that all the testator intended his daughter to take under his will, was $20,000 in cash counsel for appellant overlook the provisions of the residuary clause by which decedent gave all the rest, residue and remainder of his estate and property to his son and daughter, share and share alike. Under the provisions of this will testator's personalty was exonerated, as the primary fund, from the payment of this legacy and the chancellor did not err in so holding.

Appellant, in accepting the devise and bequest to him under the provisions of his father's will, became liable for the payment of the legacy to his sister. The chancellor so held. The decree of the Circuit Court of Winnebago County is therefore affirmed.

Decree affirmed.

McNEAL and SMITH, JJ., concur.