Estate of Esther Z. Callner, deceased, Plaintiff-Appellant, *v.* American National Bank & Trust Company of Chicago, Trustee, *et al.*, Defendants-Appellees.

(No. 59167;

First District (3rd Division)—November 7, 1974.

Jerrold M. Facktor & Assoc., Ltd., of Chicago, for appellant.

Myron Lieberman, Isidoro Berkman, and David C. Roston, all of Chicago (Lieberman, Levy, Baron & Stone, Ltd., of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, as administrator *de bonis non* with will annexed, of the estate of Esther Z. Callner, deceased, filed an amended complaint in the Probate Division of the Circuit Court of Cook County against defendants as trustees of two *inter vivos* trusts created by decedent to compel apportionment and contribution toward the Federal estate tax paid on decedent's estate. Defendants filed an answer and moved for summary judgment. No affidavits were filed either in support or in opposition to the motion. Summary judgment was entered for defendants, and plaintiff appeals.

The issues presented for review are (1) whether the trust assets are chargeable with a proportionate share of the total Federal estate tax, and (2) whether summary judgment for defendants was proper.

On February 10, 1954 and January 1, 1957, Esther Z. Callner created two almost identical irrevocable *inter vivos* trusts. American National Bank and Milton Callner were named as trustees. Max Petacque and Henry Lava, successor trustees to the individual trustee, and American National Bank, as trustee, are the defendants herein. Decedent retained a life estate in each trust. Each trust named the same beneficiaries. Thereafter, on August 26, 1965, decedent executed a last will and testament which was admitted to probate upon decedent's demise on April 15, 1969. The will expressly stated that no provision was made therein for the trust beneficiaries because of the previous provision made in the trusts. Each of the trust agreements contains the following concerning estate taxes:

> "In the event any inheritance, estate or succession taxes or duties shall be levied or assessed because of the death of the Grantor, with respect to any of the property transferred in trust, or the transfer thereof under this Agreement, or upon the right to receive the same, the Trustees hereunder are expressly authorized to pay any and all such taxes or duties as they deem fairly allocable to the trust property then in their hands as Trustees hereunder, taking into consideration all of the property of the Grantor included in her adjusted gross taxable estate. The decision of the Trustees with respect to the allocated part of any such taxes payable out of this trust estate shall be conclusive and binding upon all persons concerned."

The first article of the last will and testament provides:

> "Article First: I direct that my Executors pay out of the principal of my estate all of my just debts, funeral expenses and costs of administration; and to pay out of the principal of my Residuary

. . . . Estate, or to make deposits therefrom to secure such payments, all estate, inheritance, transfer and succession taxes including any interest and penalties thereon, which may be assessed in any way by reason of my death, and I hereby waive on behalf of my estate any right to recover from any person, including any beneficiary of insurance on my life, any part of such taxes so paid."

Plaintiff alleged in the amended complaint that the trust assets were included in decedent's estate for Federal estate tax purposes and that the said tax liability was satisfied pursuant to the provisions of decedent's will from the residue of the estate.

## I.

Plaintiff maintains that the defendants are under a legal obligation, notwithstanding the first article of decedent's will, to contribute to the payment of the Federal estate tax in direct proportion as to gross value which the trust assets bear to the entire taxable estate. It is argued that the decedent's intention to effect this result is evidenced by the following facts: (1) the primary beneficiary of the trusts was not named in the will; (2) the trustees were given separate powers to pay trust taxes; and (3) since the trusts were irrevocable and created prior to the execution of the will, the decedent considered the documents as separate and distinct and therefore did not intend to waive recovery of the estate taxes paid upon trust assets. Plaintiff further argues that under the circumstances in the instant case, equitable apportionment should be imposed.

Defendants rely upon, as plaintiff seeks to distinguish, the holding in *In re Estate of Wheeler* (1965), 65 Ill.App.2d 201, 213 N.E.2d 35. In that case the testator, prior to the execution of his will, created a revocable *inter vivos* trust, the corpus of which, by the terms of the trust, vested in one Owens upon the death of the settlor. Subsequent to the creation of that trust, the decedent executed a will which provided, in language almost identical to that in the instant case, that *all* taxes were to be paid out of the principal of his estate and that the right to recover taxes so paid was waived. The recipient of the corpus petitioned the court to compel the executor to pay the Illinois inheritance tax assessed on the trust property. Although the specific legatees alleged in their answer that the assets of the estate were insufficient to pay in full the specific bequests and that the residuary legatees would receive nothing if the executor was compelled to satisfy the tax liability, the court ordered the executor to pay the inheritance tax. In *Wheeler*, this court held that a testator may shift payment of taxes and that his intention to do so, if indicated by appropriate language in his will, is controlling. We stated, "The intention must be ascertained from the language of the will itself and where the language

on its face has a clear and unmistakable meaning, that meaning will be taken as the expression of his intention." The court further stated that the language "all * * * taxes * * * assessed * * * in any way by reason of my death * * *" was all inclusive and clearly expressed the intention of the testator.

■■ Plaintiff seeks to distinguish *Wheeler* from the case before us in that in the former the trust was revocable with full power retained in the grantor to assign, revoke, alter or amend the provisions, whereas in the instant case the trusts are irrevocable and the assets had many years before passed from the testator's control. However, we find no compelling reason to justify the application of a different rule even in light of this factual difference. In both *Wheeler* and the instant case, the testators in their wills provided for the payment of *all* taxes assessed *in any way* by reason of their deaths and included a waiver of recovery as to *any* person for *any* part of such taxes so paid. The fact that the testator did or did not retain control of certain nonprobate assets until death is not relevant. The significant fact is that the testator, by appropriate language in her will, shifted the burden of the estate taxes upon the property passing through her will.

■■ Plaintiff maintains that the testator's intention should be inferred not only from the terms of her will but also from the fact that the trustees were "authorized" to pay any tax liability assessed from the corpus of the trusts. We disagree. Without discussing the significance of the trust provisions, which merely authorized but did not compel payment, we reiterate that the intention of the testator must be ascertained *from the language of the will itself.* Only when that document is unclear or the intention is ambiguous should inquiry be made outside the four corners of the will.

Plaintiff, in support of her argument for equitable apportionment, refers us to our recent opinion in *In re Estate of Van Duser* (1974), 19 Ill.App.3d 1022, 313 N.E.2d 228. However, that case is clearly distinguishable on its facts. There the decedent died intestate. Applying equitable apportionment, we held at page 1024, that "logic, reason, and simple justice dictate that, *unless there is a contrary intention expressed by the decedent, as in a will in testate estates,* the doctrine of equitable contribution should be invoked as to non-probate assets to fairly distribute the Federal estate tax burden." (Emphasis supplied.)

## II.

Plaintiff contends that there was no basis for granting a summary judgment since questions of fact or decedent's intentions remained open.

■■ It has been held that "where the record shows there is no triable

issue of fact, a summary judgment will be granted." (*Tuohey v. Yellow Cab Co.* (1962), 33 Ill.App.2d 180, 183, 180 N.E.2d 691; see also *Miller v. Owens-Illinois Glass Co.* (1964), 48 Ill.App.2d 412, 416, 199 N.E.2d 300.) In the instant case, the first article of decedent's will clearly and unambiguously provided that *all* estate taxes should be paid out of the principal of her estate, and expressly waived any right to recover from any person any part of such taxes so paid. There being no genuine issue of fact presented to the trial court, summary judgment for the defendants was proper.

The judgment of the trial court is affirmed.

Affirmed.

McNAMARA, P. J., and DEMPSEY, J., concur.