MYKOLA CICKYJ, a/k/a Nikolay Iwanowych Cickyj, *et al.*, Plaintiffs-Appellants, *v.* ANNA SKELTINSKA[1], Defendant-Appellee.

First District (5th Division)    No. 79-2212

Opinion filed February 13, 1981.

---

[1] Defendant's surname is correctly spelled "Sklepinska" as used in the will and the probate proceedings.

Michael B. Susman, of Chicago (Spitzer, Addis, Susman & Roskin, of counsel), for appellants.

J. Stirling Mortimer, Ltd., of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This is an appeal from orders of the trial court which (1) granted defendant's motion to strike and dismiss plaintiffs' amended complaint for constructive trust, and (2) denied plaintiffs' motion for rehearing. We affirm.

The issues presented for review are: (1) whether the words "It is my wish and desire" in decedent's will are mandatory or precatory; (2) whether the amended complaint alleges the elements necessary to estab-

lish a constructive trust; and (3) whether *res judicata* or collateral estoppel is applicable.

Fred Theodore Chisby died testate on December 27, 1975. Paragraphs 2, 3 and 4 of his will made specific bequests to the St. Joseph Ukrainian Catholic Church, the St. Basil Home, and the Ukrainian Congress Committee of America, respectively. The fifth paragraph of the will named defendant, Chisby's cousin, residuary legatee, stating:

> "*FIFTH*: All the rest, residue and remainder of my estate I give, devise and bequeath to my cousin, Anna Sklepinska. It is my wish and desire that my said cousin, Anna Sklepinska, mails parcels containing food, clothing, jewellery etc. to the following persons, to-wit: To my brother MYKOLA IWANOWYCH CICKYJ, to my nephew EWHEN CICKYJ, to my nephew IWAN CICKYJ, to my niece OLGA STADARSKY, to my nephew IWAN DENYS, to my niece SOPHIA MACALAP and to my niece ANNA KRAJ-DUBA—all residing in the village of Novosilka, County of Pidhajci and Distr. of Tarnopil, U.S.S.R.."

The sixth paragraph of the will named defendant "executrix." A petition for probate of the will and letters testamentary was filed by defendant. Letters testamentary were issued to her on February 18, 1976. The final report and account of defendant, as executor, showed that distributions in accordance with Chisby's will were made to the St. Joseph Ukrainian Catholic Church, the St. Basil Home, the Ukrainian Congress Committee of America, and that defendant received $33,900.81 and a parcel of Chicago real estate. The final report was approved, the estate closed, and the executor discharged on March 9, 1978.

On July 12, 1978, plaintiffs initiated this action. The amended complaint incorporated by reference attached exhibits consisting of the last will, the final report and account, and correspondence between plaintiffs and defendant following decedent's demise. The amended complaint alleged that Fred Chisby died testate and that letters testamentary were issued to defendant; that the plaintiffs were the brother, nieces and nephews of decedent, as set forth in the fifth paragraph of the will; that defendant received $33,900.81 in personalty and a parcel of real estate under the will; that because of the confidential or fiduciary relationship between the decedent and defendant, decedent devised and bequeathed all of his estate to defendant with the understanding that she hold the funds for plaintiffs' benefit; that subsequent to decedent's death, defendant represented in writing to the plaintiffs that none of the probate funds were left to her and that she would forward parcels to plaintiffs because America prohibited her from sending plaintiffs cash; that no such prohibitive regulation exists; and that throughout his life, decedent benefited plaintiffs by sending them cash and personal property and

visiting them on one occasion. The amended complaint sought judgment that defendant hold the funds acquired by her from decedent's estate as constructive trustee for the use and benefit of plaintiffs. Plaintiffs further requested that the funds be forwarded to them through their attorney. Defendant filed a motion to strike and dismiss the amended complaint stating as reasons that the will had been admitted to probate and had not been contested; that the terms and provisions of the fifth paragraph of the last will and testament were clear, unambiguous, and under any construction no more than precatory; and that the amended complaint purported to effect a construction in a manner contradictory to the terms and provisions of the fifth paragraph of the will. The trial court granted defendant's motion and dismissed the cause of action. Plaintiff's motion for rehearing was denied. This appeal followed.

OPINION

I.

■■■ Plaintiffs first contend that the language "It is my wish and desire" is mandatory. The cardinal rule of testamentary construction is to determine and to effect the testator's intention, unless in so doing a purpose or disposition contrary to law or public policy is accomplished. (*Riddle v. Killian* (1937), 366 Ill. 294, 8 N.E.2d 629.) In construing a will the court must generally determine the intent of the testator as it is set forth within the four corners of the will. (*Estate of Callner v. American National Bank & Trust Co.* (1974), 24 Ill. App. 3d 268, 320 N.E.2d 384.) The test used by the court in determining whether testamentary words are mandatory or merely precatory is whether the testator, in using those words, meant to control the disposition of the property. If so, the words are mandatory. However, if the testator is merely expressing an opinion as to the disposition of the property, leaving it to the discretion of the first taker to dispose of the property as he sees fit, then the words do not express the will of the testator and are merely precatory. *Barrenscheen v. Grosch* (1940), 306 Ill. App. 200, 28 N.E.2d 181.

Plaintiffs maintain that as the defendant was the decedent's executor, the language addressed to her in the fifth paragraph must be accorded a mandatory interpretation, citing *Keller v. Schobert* (1974), 58 Ill. 2d 137, 317 N.E.2d 510, in support. There, in a partition suit, decedent's daughter argued that the will of her mother gave her brother as executor, who was also a legatee under the will, only a power of sale over the real estate under the will and not a mandatory directive to sell. The court held that the language was mandatory because on its face it clearly reflected the testator's intention that the real estate be converted into cash. However, there the questioned language was specifically addressed to the son as executor and not as legatee. In the instant case defendant is both executor

and devisee-legatee and the language that she mail parcels to plaintiffs is not specifically addressed to her in either capacity. However, as the language occurs in the fifth paragraph of the will, immediately following the devise and bequest to her of the residuary estate, it can be reasonably inferred that the language is directed to her as devisee and legatee and not as executor. Furthermore, it is as residuary distributee and not as executor that plaintiffs seek to impose upon defendant the obligation to hold the funds received from the estate in trust, a factor admitted by plaintiffs' counsel in oral argument. Thus, plaintiffs' contention, that the language must be construed as mandatory because defendant was the executor of the estate, is without merit.

Plaintiffs also argue that the words "It is my wish and desire * * *" should be construed as mandatory and not precatory because of the nature of the relationship between the defendant and the decedent. Plaintiffs rely largely on *Keiser v. Jensen* (1940), 373 Ill. 184, 25 N.E.2d 819, and *Barber v. Barber* (1938), 368 Ill. 215, 13 N.E.2d 257. *Barber* is not dispositive of this question as it involved a challenge to the validity of a will and not to its construction. In *Keiser*, the court noted that several factors should be considered in determining whether the language of a will is precatory or mandatory, including the relationship between the parties, their relative situation, the motives influencing the testator, as well as any moral duty the testator might have felt toward the party benefiting from a mandatory construction. In *Keiser*, a devise had been made to the testator's wife of all of his real and personal property with a subsequent "request" that any property remaining at the time of her death be divided between his two children. After noting that such language addressed to the testator's spouse is frequently construed as mandatory, the court concluded that the testator intended his wife to have a life estate with a power of disposal. As defendant correctly points out, however, the factors which the *Keiser* court considered as conclusive of a mandatory interpretation are not present in this case. The language is not directed to the spouse of the testator but to his cousin. The beneficiaries of a mandatory construction are not the testator's children for whom he would have both the legal and moral duty of support, but his nephews, nieces and brother.

It is clear that the first sentence of the fifth paragraph, standing alone, devises and bequeaths to defendant, absolutely, the residuary estate of the testator. It is also apparent from the specific bequests made in the second, third and fourth paragraphs of the will that the testator was familiar with the dispositive terminology, "give and bequeath." That the testator utilizes the language, "give, devise and bequeath" in the fifth paragraph is significant, as the testator must be considered to have used this language with ordinary intelligence (*Edgar County Children's Home*

*v. Beltranena* (1949), 402 Ill. 385, 84 N.E.2d 363) and to have understood its import. It is a general rule of construction applied by Illinois courts that where language in a will, standing alone, creates an estate of inheritance in the first taker, any subsequent language must be clear and unmistakable to cut down the estate. (*Keiser v. Jensen* (1940), 373 Ill. 184, 25 N.E.2d 819.) Plaintiffs would construe the second sentence of that paragraph as not merely limiting the absolute interest bequeathed to defendant in the funds, but as completely eliminating her interest. Such an interpretation would render the first sentence meaningless. The law is well settled that in determining the intent of the testator that construction of the will should be adopted which upholds all its provisions and gives effect to all the testator's language. (*Edgar County Children's Home*, at 387.) It is only by recognizing the language of the second sentence of the fifth paragraph as precatory that an inconsistency can be avoided.

As a final comment it must be noted that even if the language in the second sentence could be construed as mandatory, a trust could still not arise in the instant case. In *Coulson v. Alpaugh* (1896), 163 Ill. 298, 45 N.E. 216, it was noted that in addition to the necessary words expressing the testator's intention to raise the trust, there must also be certainty of object and certainty of subject matter. (*Coulson*, at 301.) The requisite certainty of subject matter is missing from the fifth paragraph of the will now in question. The second sentence states only that the defendant is to mail "parcels containing food, clothing, jewellery etc * * *" to the plaintiffs. It does not specify the necessary contents of the parcels, the total number to be sent, nor whether the packages are to be sent to plaintiffs individually or collectively. Nor is there a specific charge against the proceeds of the estate to accomplish this request. The request is made to defendant personally as the distributee, and not as executor, and its fulfillment is left completely to her discretion. Thus, even had the testator used words sufficiently mandatory in character, any purported trust would fail for lack of specificity of the subject matter. In fact, defendant received both real estate and monies pursuant to the fifth paragraph although plaintiffs claim a constructive trust as to the funds alone.

This appeal has been taken from the dismissal of plaintiffs' amended complaint. In *Jusko v. Grigas* (1962), 26 Ill. 2d 92, 96, 186 N.E.2d 34, the court stated:

> "The court will take jurisdiction to hear and determine complaints to construe wills where there is doubt of uncertainty as to the rights and interests of parties arising under such wills. (*Peck v. Drennan*, 411 Ill. 31; *Sherman v. Flack*, 283 Ill. 457.) On the other hand, the court will refuse to assume jurisdiction of a complaint to construe a will which is neither ambiguous or uncertain. The court does not acquire jurisdiction to construe a will merely because the

complaint contains an allegation that a question requiring construction exists where the record shows no such question exists. (*Peck v. Drennan*, 411 Ill. 31; *Bartlett v. Mutual Benefit Life Ins. Co.*, 358 Ill. 452.) The purpose of construing a will is to ascertain and, if possible, give effect to the intention of the testator. (*Peck v. Drennan*, 411 Ill. 31.)" *Jusko*, at 96.

We conclude that the terms of the decedent's will are clear and unambiguous. Therefore, the amended complaint fails to set forth an action for the construction of the language.

## II.

■■ Plaintiffs also contend that their amended complaint states a cause of action to impose a constructive trust. A motion to strike and dismiss admits as true all facts well pleaded and all possible inferences therefrom. However, conclusions of the pleader are to be disregarded for purposes of determining the sufficiency of the complaint. *Joslin v. Ashelford* (1961), 29 Ill. App. 2d 202, 172 N.E.2d 806.

■■ There are generally two kinds of constructive trusts, those based on fraud and those based on the abuse of a fiduciary relationship. (*Ray v. Winter* (1977), 67 Ill. 2d 296, 367 N.E.2d 678; *Kester v. Crilly* (1950), 405 Ill. 425, 91 N.E.2d 419.) Plaintiffs do not claim that the constructive trust they seek to impose is based on fraud but rather on a fiduciary relationship existing between the testator and defendant. Specifically, plaintiffs allege in paragraph 4 of their amended complaint that because of the confidential or fiduciary relationship between the defendant and the testator, he "bequeathed and devised all of his estate to Defendant * * * with the understanding and with the intent that she hold the funds for the purpose of benefiting Plaintiffs * * *." No facts appear in the complaint sustaining plaintiffs' allegation of a fiduciary relationship existing between the testator and defendant. This allegation is merely a conclusion. Nor are any facts pleaded which allege the abuse of this relationship. It is true that Illinois has adopted the rule that a legatee who has agreed with or promised the testator before its transfer to hold property for the benefit of certain persons will be required to perform his promise on the theory of constructive trust or unjust enrichment. (*Wagner v. Clauson* (1948), 399 Ill. 403, 78 N.E.2d 203.) Such a trust will be raised not by the language of the will but by the failure of the legatee to perform her promise. (*Wagner*, at 415.) However, in reviewing plaintiffs' complaint, it contains no allegations that prior to the execution of the will defendant promised the decedent that she would hold the funds she received for plaintiffs' benefit. Furthermore, there is no allegation of a repudiated promise. (See *Ramsay v. Ramsay* (1956), 10 Ill. App. 2d 459, 472, 135 N.E.2d 172, 178.) Plaintiffs have only alleged that the testator bequeathed

and devised his estate to her "with the understanding and with the intent" that she so hold it. As pleaded, this "understanding" could have been entirely unilateral on the part of the testator and completely unknown to defendant and again is merely conclusory. Thus, as plaintiffs have not pleaded any facts giving rise to the existence of a fiduciary relationship between the testator and defendant or its abuse, or an unfulfilled promise by defendant to the testator to hold the funds she received under the will for their benefit, plaintiffs' complaint is insufficient to state a cause of action to establish a constructive trust.

## III.

■■ Defendant on appeal contends that *res judicata* bars plaintiffs' action for a constructive trust as plaintiffs were parties to the probate proceedings and failed there to contest the will or present their claim. However, the record on appeal does not disclose that the present issues were actually or even necessarily litigated and determined in the probate proceedings. (See *Kahler v. Don E. Williams Co.* (1978), 59 Ill. App. 3d 716, 719, 375 N.E.2d 1034, 1037.) The final report and account merely indicates that the distribution of the residuary estate was made to the defendant without determining any rights that plaintiffs may have had therein. In addition, the issue of a constructive trust could not arise until after defendant received the distribution of the residuary estate, and this did not occur until after she filed the final account and the estate was closed. (See *Ramsay v. Ramsay* (1956), 10 Ill. App. 2d 459, 471, 135 N.E.2d 172, 177.) Since the record before us does not demonstrate that the issues were previously tried and determined, the doctrines of *res judicata* and collateral estoppel are not established.

## IV.

For the reasons stated, the orders striking the amended complaint and dismissing plaintiffs' cause of action and denying their motion for rehearing are proper and are affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.