*In re* ESTATE OF JAMES POWERS, JR., Deceased—(Eva Renee Powers, by Maxa Powers, her Mother and Next Friend, *et al.*, Plaintiffs-Appellants, *v.* Joseph W. Maddox, Ex'r of the Will of James Powers, Jr., *et al.*, Defendants-Appellees).

Fourth District   No. 4—83—0187

Opinion filed September 27, 1983.

Costello, Long, Young & Metnick, and Walbaum & Fleischli, both of Springfield, for appellants.

Charles J. Gramlich and Eric A. Artman, both of Gramlich & Morse, of Springfield, for appellees.

JUSTICE GREEN delivered the opinion of the court:

On November 12, 1981, plaintiffs, the three minor children of decedent James Powers, Jr., filed a complaint for construction of decedent's will to set up a trust on their behalf. A subsequent amendment to the complaint set up two additional counts. Count II alleged that plaintiff, Aaron Lemont Powers, decedent's youngest child, was entitled to a statutory share of the estate as an after-born child according to section 4—10 of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110½, par. 4—10). Count III of the amended complaint alleged that the will placed defendant, Eva H. Powers, in a fiduciary relationship with plaintiffs, and she did not intend to use the funds for the benefit of the children. On December 15, 1982, the trial court dismissed all counts in bar of action. We affirm.

In paragraphs two and three of his will decedent stated:

"SECOND: I give, devise and bequeath all property of which I die seized to my mother, EVA H. POWERS.

THIRD: In the event that my mother does not survive me by at least sixty (60) days, then I give, devise and bequeath all property of which I die seized to my brother, JIMMIE POWERS, or if he too fails to survive me by at least sixty (60) days, then to my sister, EVA PEARL POWERS. I make these

gifts with the full belief that property left to my estate will be used by the person to whom it is given for the benefit of my surviving children."

It was undisputably before the trial court that testator's mother, Eva H. Powers, survived the testator by at least 60 days and was alive at the time the trial court made its decision.

In paragraph four, decedent placed the guardianship of his surviving children as follows:

"FOURTH: I request and direct that the physical care, custody and education of my surviving children be placed with my mother, or, if she does not survive me, then with my brother, JIMMIE POWERS. This direction is given with the knowledge that the mother of my children is still living, but in recognition of the fact that she has completely abandoned said children and they have, since the time of birth been raised by my mother."

In paragraph five, decedent appointed defendant, Joseph W. Maddox, as executor.

Plaintiffs maintain the statement in the third paragraph of the will that testator made "these gifts with the full belief that property left in [his] estate will be used by the person to whom it is given for the benefit of [his] surviving children" mandates the imposition of a trust for their benefit. The gift of paragraph "THIRD" was not operative because of the survival of Eva H. Powers for 60 days, but plaintiffs maintain that the phrase "the person to whom it is given" has reference to the mother, Eva H. Powers, as well as those taking a gift if paragraph "THIRD" is operative.

■ The purpose of construing a will is to determine and give effect to the intentions of the testator at the time he executed the will. The court must generally determine the testator's intent as it is set forth within the four corners of the will and a construction of the will should be adopted which upholds all its provisions and give effect to all the testator's language. (*Edgar County Children's Home v. Beltranena* (1949), 402 Ill. 385, 84 N.E.2d 363.) Here we have the dual problem of determining whether the testator's language was precatory or mandatory and whether that language was applicable to the gift under paragraph "SECOND" as well as paragraph "THIRD."

■ ■ The test used to determine whether the words are mandatory or precatory is whether the testator, in using those words, intended to control the disposition of the property. (*Keller v. Schobert* (1974), 58 Ill. 2d 137, 142, 317 N.E.2d 510, 513.) If so, it is the testator's will no matter how mildly the wish is expressed. However, if the testator has left the disposition of the property to the discretion of

the first taker, then the words are merely precatory. In confronting our dual problem we must also consider the rule that when an outright gift is made in one portion of a will, language of a subsequent portion of the document will not be interpreted to cut down the estate given unless that language is clear. *Cickyj v. Skeltinska* (1981), 93 Ill. App. 3d 556, 561, 417 N.E.2d 699, 703; see *Keiser v. Jensen* (1940), 373 Ill. 184, 25 N.E.2d 819.

 The word "belief" is not ordinarily mandatory in nature. The testator could very likely have wished that whoever received his estate would be helpful to his children and felt that admonishment in this respect would be desirable for his brother or sister but not necessary for his mother. He might also have desired that his mother have an opportunity to use some part of the estate herself if she needed it but desired that his brother or sister use the estate only for the benefit of the children. In any event, we do not interpret the word "belief" which appears in the will in a paragraph subsequent to an outright gift to the mother to be intended to mandate the encumbrance of a trust upon that which otherwise appears to be an outright gift to her.

 The parties' briefs and pretrial memoranda indicate that (1) at the time the testator executed his will, he had a relatively small estate and his two older children, plaintiffs Eva Renee and James David Powers, were living with testator's mother; and (2) testator died on August 31, 1981, due to an overdose of anesthetic which resulted in a substantial malpractice award to his estate. However, the trial court's order appealed ruled as to the sufficiency of the complaint. Those matters were not alleged and, thus, were not before the trial court.

Plaintiffs desire that we consider this extrinsic evidence to show the testator's intention. However, that evidence would merely show that the testator had a larger estate than he expected to have. Although the testator might have rewritten his will and set up a trust for his children had he known of the malpractice award, the increase in the size of the testator's estate is irrelevant to his intentions at the time he executed the will. At that time, he left his property to his mother allowing her to use her discretion in disposing of it. Even if that information had been before the court, it would not be permitted to rewrite the will, nor could it alter a bequest on the presumption that this was what the testator would have desired had he been able to foresee the future.

 Count II alleged that after the execution of the will and five years prior to his death, the testator fathered a third child, plaintiff Aaron Lemont Powers, by a woman who was not his wife. Aaron

maintains he should receive a share of the estate as an after-born child.

Section 4—10 of the Probate Act of 1975 states:

"Unless provision is made in the will for a child of the testator born after the will is executed or unless it appears by the will that it was the intention of the testator to disinherit the child, the child is entitled to receive the portion of the estate to which he would be entitled if the testator died intestate \*\*\*." (Ill. Rev. Stat. 1981, ch. 110½, par. 4—10.)

Here, the testator had two children born at the time the will was executed who were disinherited by the express terms of the will. Since the testator did not revoke that will or make a new one, we conclude he intended that his mother take his property, and he trusted his mother to use her good judgment in caring for the children. *Froehlich v. Minwegen* (1922), 304 Ill. 462, 136 N.E. 669.

We interpret count III of the amended complaint to also request the imposition of a trust as does count I, and we have dealt with that above.

We conclude that the trial court was correct in dismissing all counts of the complaint. The decision of the trial court is affirmed.

Affirmed.

WEBBER, P.J., and MILLS, J., concur.